In re the MARRIAGE OF Mary Jane ER-
ICKSON and William K. Erickson.

Upon the Petition of Mary Jane
ERICKSON, Appellee,

and Concerning, William K.
ERICKSON, Appellant.

No. 56708.

Supreme Court of Iowa.

April 16; 1975.

R. L. Donohue and James S. Updegraff, West Union, for appellant.

Shea & Jackson, and Michael H. Irvine, Cedar Rapids, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

This action was brought by Mary Jane Erickson to dissolve her marriage to William K. Erickson. A decree granting the dissolution was entered on October 11, 1972. Respondent appeals from the provisions of the decree making an award of property to petitioner and allowing her attorney fees. We affirm the trial court. For a prior divorce action involving these same parties, see Erickson v. Erickson, 261 Iowa 264, 154 N.W.2d 106 (1967).

There were no children born of this marriage. At the time of the decree, the parties had not lived together for approximately nine years. Neither wanted to continue such an impersonal relationship, and this appeal involves only a bitter quarrel about the division of their modest property interests.

At the time of the marriage, petitioner owned a farm which she had earlier inherited. It was sold during the marriage for $10,000. During the marriage, too, the parties acquired title to a piece of real estate in Elkader, Iowa, having a value of approximately $3,000. It is really this property which occasioned most of the controversy in this matter. We refer to it in more detail later.

After the petitioner and respondent had separated, he purchased a 65 acre farm in Clayton County for $5,500. Following the separation, too, petitioner purchased a residential property in Cedar Rapids for $15,250, upon which there is now due approximately $14,229. These properties remain unaffected by the dissolution decree.

The decree awarded various items of personal property to each of the parties; provided that neither should receive alimony from the other; gave petitioner absolute title to the Elkader property subject to any liens against it except those arising out of a partition action pending; and ordered respondent to pay petitioner $1,530, for which judgment was entered against him. The trial court also awarded petitioner $450 to apply toward her attorney fees.

Respondent complains because petitioner was awarded title to the Elkader property, which the parties acquired in the following manner: Petitioner's father wanted to buy this property but was without funds. Petitioner and respondent mortgaged the farm which petitioner had inherited for $3,500 and lent petitioner's father $3,000 of this amount so that he could acquire the property. The other $500 was used to pay rent on land respondent was farming. Petitioner's father was unable to pay off the loan and eventually deeded the property to petitioner and respondent to satisfy his obligation to them. The property has been vacant since 1964 and not only has it been unproductive but has fallen into disrepair.

Later when petitioner's farm was sold for $10,000, $3,500 from the sale was used to pay off the mortgage. The remainder of this purchase price was used as follows: $500 to pay realtor's fee; $500 to petitioner; $1,500 used by respondent to pay a loan incurred by him prior to the marriage; and $4,000 for general family purposes.

It appears (except for two $500 payments to petitioner, one at the time of the mortgage and the other at the time of the sale of the farm) petitioner has nothing to show

for the farm which she owned at the time of her marriage to respondent. Most of the proceeds from that asset were used to provide $1,500 for respondent to pay off his own loan, $4,000 for general family expenditures, and $3,000 to acquire the Elkader property which is now the subject of dispute.

Taking into consideration all the circumstances, including the fact that respondent has contributed nothing to the support of his wife since their separation in 1964 and giving due effect to the factors which are made significant by Schantz v. Schantz, 163 N.W.2d 398, 405 (Iowa 1968), we find no reason to disturb the findings of the trial court. We have not overlooked respondent's argument that he has twice redeemed the property from tax sales and that he has expended both labor and capital in attempting to keep it up. He insists he should be given some interest in it. However, we believe the award of this property to petitioner, together with the award of $1,530 in cash, is fair and equitable, and it is hereby approved.

We also approve the trial court's allowance of $450 for services rendered by petitioner's attorney in the trial of this case, which we find are reasonable and proper for the services rendered.

Petitioner also asks us to fix reasonable attorney fees for this appeal. She is not entitled to these as a matter of right, but such fees are allowable when the relative financial condition of the parties justifies it. Another factor to be considered is that respondent's appeal made it necessary for petitioner to defend the trial court decree here. We hold she should have an allowance for attorney fees. In such cases, we do not fix the fee to which petitioner's attorney is entitled, but merely limit the amount which respondent is required to pay. See In Re Marriage of Beeh, 214 N.W.2d 170, 176 (Iowa 1974); Hutcheson v. Hutcheson, 197 N.W.2d 594, 598 (Iowa 1972) and Conkling v. Conkling, 185 N.W.2d 777, 787 (Iowa 1971).

Petitioner's attorney has submitted a verified statement of services rendered and time spent. We direct that respondent pay $500 for petitioner's attorney fees incurred on this appeal. The amount shall be assessed against him as part of costs.

One other matter should be mentioned briefly. Respondent claims reversible error because the trial court permitted the petitioner to testify over his objection to certain acts of cruelty committed during the marriage. He claims this was improper since fault is no longer a consideration in dissolution cases except as it may bear upon the fitness of the parties in determining child custody. In its decree, the trial court stated that evidence concerning fault had not been considered in deciding the case. Nevertheless, respondent insists that the admission of this testimony was prejudicial and that it must have poisoned the trial court's mind because of the inequitable and unfair nature of the property division made.

Respondent's argument deserves little comment. In the first place, he grossly exaggerates the extent of the evidence on cruelty; secondly, under our rules in equity cases evidence is ordinarily allowed to come in subject to objection without rulings by the court so that the entire record is before the reviewing court for de novo appeal. See Leo v. Leo, 213 N.W.2d 495, 497, 498 (Iowa 1973); O'Dell v. O'Dell, 238 Iowa 434, 464–466, 26 N.W.2d 401, 416, 417 (1947); Rule 334, Rules of Civil Procedure. Finally, we disagree with the respondent's claim the trial court was unable to disregard the improper testimony in deciding this case. There is nothing to support this suggestion. In any event, we have reviewed the case de novo without considering that testimony and we have reached the same result as did the trial court. Cf. Stookey v. Stookey, Iowa, 229 N.W.2d 256, filed April 16, 1975.

We find no merit in any of respondent's contentions, and the judgment is accordingly affirmed.

Affirmed.