In re the MARRIAGE OF Carla MEIER and Delwin Meier.

Upon the Petition of Carla MEIER, Appellee, and concerning, Delwin MEIER, Appellant.

No. 60679.

Supreme Court of Iowa.

June 28, 1978.

Engelbrecht, Ackerman & Hassman, Waverly, for appellant.

John S. Tremaine, Sumner, for appellee.

Considered by MOORE, C. J., and MASON * REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

This matter involves an appeal by the respondent-husband, Delwin Meier, from the provisions of a decree in a marriage dissolution action. The Court of Appeals, after review of the entire record, concluded the trial court improperly afforded the petitioner, Carla Meier, the benefit of the presumption or inference that the best interests of the children of the parties would be served by an award of their custody to the petitioner. We agree with the Court of Appeals.

The Court of Appeals determined, and we agree, that in placing the custody of the children of the parties in Carla's custody, the court indulged the inference that the best interests of younger children are served by placing them in their mother's custody. We abandoned such inference in *In re Marriage of Bowen*, 219 N.W.2d 683, 688 (Iowa 1974). See also *In re Marriage of Winter*, 223 N.W.2d 165 (Iowa 1974).

Further, the Court of Appeals observed that it could not say the atmosphere of judicial intimidation in which the case was tried did not adversely affect certain witnesses limiting their ability to fully and freely respond to interrogations of trial counsel and the trial court.

The Court of Appeals recognized that its review was de novo as is ours under rule 4 of the Rules of Appellate Procedure. In its opinion it held that in light of the nature of the participation of the trial judge in the proceedings, and the impermissible indulgence of the trial court in the presumption or inference that the best interests of the children would be better served by awarding the custody of the children to the mother, the case should be remanded for retrial before a different judge.

We agree with the Court of Appeals the trial judge interjected himself into the interrogation of the several witnesses to the point of intimidation. His participation in the trial in this manner had an adverse effect upon the making of a full and complete record.

In applying to us for further review, the respondent contended the Court of Appeals erred in remanding the issue of child custody and property settlement to the District Court for a new trial before a different judge, contending such relief could not be afforded as it is the appellate court's duty to examine the entire record and adjudicated rights anew on propositions properly presented provided the issue had been raised and error, if any, had been preserved in the course of the trial in the District Court.

We have refused to exercise the right to review de novo cases in which we are presented with an inadequate record. See *Locke v. Locke,* 246 N.W.2d 246, 253 (Iowa 1976); *In re Marriage of Morgan,* 218 N.W.2d 552, 561 (Iowa 1974); *Daugherty v. Daugherty,* 260 Iowa 878, 882, 151 N.W.2d 569, 572; *Lessenger v. Lessenger,* 258 Iowa 170, 175, 138 N.W.2d 58, 61. We deem the record made in the trial court to be inadequate to enable us to decide this case anew. The remand ordered by the Court of Appeals is justified by the record here.

We therefore confirm the action of the Court of Appeals in ordering a reversal and remand of this case for trial before

* Serving after June 14, 1978 by special assignment.

a different judge and disposition of the custody and property issues. We are also in agreement with the Court of Appeals that each party to the appeal shall pay his and her own attorney fees.

This case is, therefore, reversed and remanded to the District Court for retrial before a different judge of the district.

REVERSED AND REMANDED WITH INSTRUCTIONS.