In re the MARRIAGE of LaDonna R. Joens and Rollin G. JOENS.

Upon the Petition of LaDonna R. Joens, Appellee,

And Concerning Rollin G. Joens, Appellant.

No. 62928.

Supreme Court of Iowa.

Oct. 17, 1979.

W. Ted Brown and Wendell Pendleton of Pendleton Law Firm, P. C., Storm Lake, for appellant.

P. D. Furlong, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK, and LARSON, JJ.

LeGRAND, Justice.

In this appeal Rollin G. Joens, the respondent husband, appeals from a dissolution decree which awarded custody of the two minor children to his wife LaDonna R. Joens, provided for alimony and child support, and divided the marital property. We modify the decree as to alimony; otherwise we affirm the trial court.

LaDonna and Rollin were married in 1963. They have two children, Bradley Scott Joens, who was born June 12, 1970, and Jennifer Charlotte Joens, who was born July 14, 1972.

The trial court found, and it is not challenged here, that the marriage had broken down and that there remained no reasonable likelihood that its purposes could any longer be served. It therefore ordered the marriage dissolved.

On this appeal Rollin raises issues concerning the award of custody of LaDonna; the amount of child support and alimony; and the property division.

I. CUSTODY OF THE CHILDREN.

The trial court found neither parent was unfit to have custody of the two children. It specifically held LaDonna to be a capable housewife and mother and Rollin to be a "dedicated hard working entrepreneur who devotes long hours to building his business of constructing grain bins." The court concluded LaDonna was in a position to afford the children full-time supervision and guidance while Rollin could not do so. Considering all the evidence produced, the trial court held the "best long-range interest of the children would be served" by awarding custody to their mother.

Rollin challenges this finding, but we find nothing to cause us to interfere with it. Part of Rollin's argument points out the attorney representing the children recommended they be placed in his custody rather than their mother's. He complains bitterly that the trial court did not give the attorney's report proper consideration. We discuss the question of the effect of the attorney's report later in this opinion.

In deciding child custody, the first and governing consideration is the best interest of the child. Rule 14(f)(15), Iowa R.App.P. On this de novo review, we make our own determination of the facts. We give effect to the findings of the trial court but we are not bound by them. Rule 14(f)(7), Iowa R.App.P.; *In re Marriage of Jennerjohn,* 203 N.W.2d 237, 240 (Iowa 1972). We no longer accord the mother any preference in deciding where custody should rest. *In re Marriage of Meier,* 267 N.W.2d 46, 47 (Iowa 1978).

With these principles in mind, we briefly review the evidence. There was testimony favorable to each party on the custody issue. As is not unusual, the evidence was in utter conflict. Suffice it to say we find the record supports a custodial award to either Rollin or LaDonna.

Rollin's evidence shows that he loves his children and that he is a good father. He is hard working, honest, and a good provider. The children, while in his custody, were neat, clean, and well behaved. He is genuinely concerned about their education. He is religious and made an effort to see that the children had the benefit of religious training. On the other hand, there is also testimony that Rollin has been indifferent to the children, that he has struck them "very hard" and that they are afraid of him. Sometimes Rollin kept the children out so late they were unable to do their school work. Bradley missed eighteen days of school unnecessarily during the time he was in Rollin's care. The testimony indicated Jennifer was so frightened of her father she sometimes hid under the bed to escape him. LaDonna testified Rollin did not keep the children clean or neatly dressed when they were with him. She said he considered his work more important than the children.

The record is contradictory, too, concerning LaDonna's parental qualities. A number of witnesses related her love for the

children, her good qualities as a homemaker, and her demonstrated ability to provide a good home for Bradley and Jennifer. On the other hand, she was accused of being flirtatious and of leaving the children without proper supervision. Once Jennifer was found wandering on the street at three o'clock in the morning. LaDonna is also alleged to have carried on an adulterous relationship—a charge she denies.

Some of the accusations against her—principally those dealing with her absence from the home—are explained away by her fear of Rollin, who, she says, threatened to kill her. The best he could do by way of denial was to say he "might have" done so.

We have not attempted to detail all the evidence. From what we have said it is clear neither party is a paragon of virtue, but neither is unfit to have custody. The dispute narrows down to the familiar cry of divorced parents—each claims to be a better custodial parent than the other.

We have carefully reviewed the record, and we agree with the findings of the trial court. We therefore affirm the decree as to custodial provisions.

## II. DIVISION OF PROPERTY.

■ The parties owned both real and personal property. Some was used exclusively in Rollin's business. It is clear the trial court tried to divide the property as evenly as possible. The business property was awarded to Rollin. LaDonna received the household goods and personal items in the home. Each received one or more motor vehicles. The real estate was split equally, although Rollin claims LaDonna was preferred in this part of the decree.

We decline to disturb the property division as set up in the decree.

## III. ALIMONY AND CHILD SUPPORT.

■ Perhaps the most difficult question concerns alimony and child support. The decree orders Rollin to pay $150.00 per month per child until the child reaches age eighteen unless payments are extended under section 598.1(2), The Code 1977. It also provides for alimony of $100.00 per month for twelve years or until LaDonna's death or remarriage.

The evidence of Rollin's earnings is unsatisfactory and contradictory. Rollin introduced his income tax returns. LaDonna, who was the bookkeeper for Rollin's business, testified he did not report all his income. Rollin says his income was small, ranging from approximately $4,000.00 to approximately $8,000.00 in 1974, 1975, and 1976. In 1977 he claimed a business loss of almost $21,000.00. At the trial he estimated his 1978 income would be $6,000.00.

Based on Rollin's gross income from his business operations and the testimony concerning his margin of profit, it is hard to believe his net income was as small as claimed. On the other hand, LaDonna's statement about failure to report all income is without any corroboration. The parties could have made a better record to help the trial court, and now this court, in reaching the proper result.

We affirm the trial court's award of $150.00 per month per child as provided in the decree. However, we hold the record fails to establish her right to alimony. Accordingly we modify the decree by deleting all provisions for payment of alimony.

## IV. STATUS OF ATTORNEY FOR THE CHILDREN.

Some discussion of section 598.12 is called for in view of the importance Rollin attaches to the duties of the attorney appointed under that statute.

We have referred to this question briefly in *In re Marriage of Burham,* 283 N.W.2d 269 (Iowa 1979) and *In re Marriage of Winter,* 223 N.W.2d 165 (Iowa 1974). In neither case was the extent of the attorney's obligation nor the effect of his investigation at issue. Here Rollin protests vigorously that the trial court did not give serious consideration to the recommendations of the attorney appointed to represent the children.

The statute (section 598.12, The Code 1977) provides in part:

The court may appoint an attorney to represent the interests of the minor child or children of the parties. Such attorney shall be empowered to make independent

investigations and to cause witnesses to appear and testify before the court on matters pertinent to the interests of the children. . . .

Significantly the attorney is to investigate and to secure the testimony of witnesses helpful to the cause of the children. There is no provision that he "report" or that he make recommendations. His findings are not made admissible as evidence in the case. It appears the legislature recognized that in the rancor and bitterness of a custody fight parents might well be insensitive to the best interests of their children. It provided that the children have representation separate and apart from either parent.

The attorney appointed, then, like the attorney for any client, is to see that the interests of those he represents get a full and fair airing at the trial by the presentation of competent and relevant evidence. What the attorney discovers is frequently hearsay, sometimes only rank rumor or gossip. Therefore those who know the facts should testify in order to provide a reliable basis for the trial court's ultimate decision.

This does not conflict with *In re Marriage of Winter,* where we listed as one of the factors to be used in deciding who should have custody "The report and recommendation of the attorney for the child." 223 N.W.2d at 167. We intended this to mean only that such matters should be considered when properly before the court by agreement or stipulation, as they frequently are and as was the case in the appeal now before us. The statute does not provide— nor did we say in *Winter*—that the trial court accept untested hearsay in lieu of sworn testimony for deciding an issue as important as child custody.

In any event, we believe Rollin attaches far more weight to the attorney's report than it should have. The trial court, not the attorney for the children, must decide custody. It is the trial court's obligation to review all matters properly before it. There is nothing to suggest the court failed to do that here. There is no substance to Rollin's insistence that the trial court failed to "properly consider" the attorney's report which was made part of the record without objection. In fact the contrary affirmatively appears. The real complaint is that the trial court did not *adopt* the attorney's recommendations. There is, of course, no obligation to do so.

In summary, we affirm the trial court except as to alimony. The provision for alimony payments to LaDonna is deleted. LaDonna has asked attorney fees for this appeal. Rollin is ordered to pay $1,250.00 toward this fee as part of the costs, which are assessed against him. As thus modified, the decree is—

AFFIRMED.