**In re the MARRIAGE OF Bruce GRAVATT and Sandra Sue Gravatt.**

**Upon the Petition of Bruce Gravatt, Petitioner-Appellant,**

**and**

**Concerning Sandra Sue Gravatt, Respondent-Appellee.**

**No. 84–369.**

Court of Appeals of Iowa.

Jan. 29, 1985.

David S. Good of Nazette, Hendrickson, Marner & Good, Cedar Rapids, Iowa, for petitioner-appellant.

Kevin J. Visser of Moyer & Bergman, Cedar Rapids, Iowa, for respondent-appellee.

HAYDEN, Judge.

After the close of the evidence the trial court ordered the attorney for the children to file a report. The responsibilities of an attorney appointed to represent the children are clearly set out in § 598.12(1):

> 1. The court may appoint an attorney to represent the interests of the minor child or children of the parties. The attorney shall be empowered to make independent investigations and to cause witnesses to appear and testify before the court on matters pertinent to the interests of the children.

Iowa Code § 598.12(1) (1983).

*In Re Marriage of Joens*, 284 N.W.2d 326, 329 (Iowa 1979), the supreme court has said with reference to an attorney appointed for children:

> "Significantly the attorney is to investigate and to secure the testimony of witnesses helpful to the cause of the children. There is no provision that he 'report' or that he make recommendations. His findings are not made admissible as evidence in the case. It appears that the legislature recognized that in the rancor and bitterness of a custody fight parents might well be insensitive to the best interests of their children. It provided

that the children have representation separate and apart from either parent. The attorney appointed, then, like the attorney for any client, is to see that the interests of those he represents get a full and fair airing at the trial by the presentation of competent and relevant evidence. What the attorney discovers is frequently hearsay, sometimes only rank rumor or gossip. Therefore those who know the facts should testify in order to provide a reliable basis for the trial court's ultimate decision.

This does not conflict with *In Re Marriage of Winter*, where we listed as one of the factors to be used in deciding who should have custody 'The report and recommendation of the attorney for the child.' 223 N.W.2d [165] 167 [Iowa 1974]. *We intended this to mean only such matters should be considered by agreement or stipulation, ...* The statute does not provide nor did we say in *Winter*—that the trial court accepted untested hearsay in lieu of sworn testimony for deciding an issue as important as child custody." *Id.* (emphasis added).

There was no stipulation or agreement that a report of the attorney for the children be admitted into evidence. While Sandra argues that the issue of the report should not be considered on appeal because Bruce did not object to the report. The report was ordered and filed, and Bruce made his objection prior to the decree. The trial judge utilized the attorney in a manner not contemplated by statute and Bruce made his objection after he became aware of what was happening. We should consider the issue.

Bruce has not asked that the report not be considered and while in some instances we might merely review the record and disregard the report, the issues here deserve further evidence.

We remand this case to the trial judge for the limited purpose of allowing the parties the right to examine the attorney for the children and to offer evidence which may refute his report and testimony. The trial court shall then make an appropriate ruling. We request a transcript of this additional proceeding for our review on or before March 8, 1985. Iowa Rule of Appellate Procedure 12(g).

REMANDED WITH INSTRUCTIONS.