**In re the MARRIAGE OF Sarah Kaye SHORT and Rickey James Short**

**Upon the Petition of Sarah Kaye Short, Petitioner-Appellant,**

**and Concerning Rickey James Short, Respondent-Appellee.**

**No. 84–1935.**

Court of Appeals of Iowa.

June 25, 1985.

Eugene F. Dwyer and Stephen P. Wing of Walter Newport & Associates, Davenport, for petitioner-appellant.

Robert T. Yeager of HELP Legal Assistance, Davenport, for respondent-appellee.

Gary J. Rolfes of Petersen, Petersen & Eddy, Clinton, for the minor child.

Considered by DONIELSON, P.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

Petitioner-wife appeals from the joint custody provision of the parties' dissolution decree which awarded primary physical care of their child to respondent-husband. She claims that joint custody is inappropriate in this case and that she should be awarded custody. We affirm.

Rick and Sarah Short were married in July of 1982, when he was 21 years old and she was 19. They are the parents of one son, Anthony, who was born a few days before the marriage. During the marriage Sarah was employed full-time as a waitress or cook. Rick was not employed during the marriage, and the trial court found that he acted as the primary nurturing parent for Anthony prior to the parties' separation. Following the separation, a temporary custody decree placed Anthony in Rick's custody during the week and in Sar-

ah's custody on weekends. The dissolution decree placed Anthony in joint legal custody, with Rick as the primary physical custodian. The trial court found that either party would be an adequate custodian but concluded that Rick had provided primary care in the past and that the record disclosed no reason to remove the child from Rick's custody. Sarah brought this appeal.

I. Sarah raises a number of issues regarding the decree. She first claims that an award of joint custody is inappropriate because of the parties' alleged inability to communicate with respect to Anthony's needs and best interests. This ability to communicate is one, but only one, of the factors to be considered in determining the propriety of a joint custody award. Iowa Code § 598.41(3)(c). No single one of the eight factors listed in section 598.41(3) is a condition precedent to allowing joint custody, nor is there a certain number of factors which, when satisfied, will either mandate or prohibit a joint custody award. *In re Marriage of Weidner*, 338 N.W.2d 351, 358 (Iowa 1983). We agree with the trial court that joint custody is a workable solution in this case. Sarah exaggerates the disagreements surrounding visitation and ignores the fact that visitation has proceeded generally smoothly during the time that Rick had temporary custody. The parties need not be in agreement at all times in order to justify joint custody; it is enough that they can communicate regarding Anthony's needs and support each other's relationship with him. *In re Marriage of Fish*, 350 N.W.2d 226, 229 (Iowa Ct.App.1984). The joint custody provision is affirmed.

II. Sarah next contends that the court erred in placing on her the burden of proving that the temporary custody order in Rick's favor should be changed. She focuses on the following language from the court's findings of fact: "there is no compelling reason to transfer the primary care of Anthony to petitioner." From this she argues that the court in effect created a presumption of continuing physical care in

Rick's favor which she was then forced to overcome.

We believe Sarah reads too much into the quoted language. The court had previously examined the conduct and parenting abilities of the parties and determined that Rick was the main nurturing parent both during their marriage and separation. The court's statement that there was "no compelling reason" to change the primary care order merely reflected its conclusion that Rick was the preferred custodial parent and its adherence to the principle that "when it appears children are happy, well adjusted, adequately disciplined, and receiving proper care in a suitable home they should not be removed therefrom other than for the most persuasive causes." *Schoonover v. Schoonover*, 228 N.W.2d 31, 34 (Iowa 1975).

III. Finally, Sarah claims that she should have been awarded physical care of Anthony because of her greater ability to care for his long-term best interests. We see no reason to disturb the court's decision. There is no question that Rick has taken very good care of Anthony in his role as custodial parent since the parties separated in 1983. Regarding the various allegations of misconduct on the part of both parties, we defer to the trial court's disposition thereof in view of its superior position to determine witness credibility. Iowa R.App.P. 14(f)(7). We also reject Sarah's claim that the court failed to give proper consideration to the recommendations of the social worker or the attorney appointed to represent Anthony. The court was obviously aware of their reports and recommendations (to the effect that Sarah should be given sole legal custody), but it was certainly under no obligation to adopt them. *In re Marriage of Joens*, 284 N.W.2d 326, 329 (Iowa 1979).

The trial court's decree is affirmed.

AFFIRMED.