**In re The MARRIAGE OF Roxan Marie BULANDA and John Andrew Bulanda.**

**Upon the Petition of Roxan Marie Bulanda, Appellant,**

**And Concerning John Andrew Bulanda, Appellee.**

**No. 89–50.**

Court of Appeals of Iowa.

Nov. 27, 1989.

16

Maynard S. Telpner of Telpner, Smith, Sawatzke & Ruesch, Council Bluffs, for petitioner-appellant.

Bruce D. Fleming, of Pogge, Root & Fleming, Council Bluffs, for respondent-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

Petitioner Roxan Bulanda and respondent John Bulanda were married on December 31, 1976. They have five children: Erica, born October 2, 1975; Erin, born July 22, 1977; Michael, born May 29, 1979; and Jerald and James, born April 28, 1982. Roxan was thirty-four years old at the time of trial. She is a licensed practical nurse and the assistant director of nursing at a nursing home. Roxan is studying to become a registered nurse. When she graduates she will become the director of nursing. Roxan has gross wages of $2,418 per month. She also earns $108.75 per month from a part-time job. John was forty-four years old at the time of trial. He is a recovering alcoholic. John was unemployed at the time of trial, but was expected to begin work soon. John has a birth defect which has left his left arm shorter than his right arm.

The district court granted the parties joint legal custody of the minor children. Primary physical care of the children was placed with Roxan. John was given liberal visitation rights. John must pay $30 per month per child in child support. Roxan was awarded the family home which had a fair market value of $36,000 and a net value of $19,728. John has a lien against the homestead for $9,500, which is due when his child support ceases or upon Roxan's death or remarriage.

Roxan has appealed. She claims the trial court erred in: 1) not awarding her all of the equity in the family home; 2) failing to award her sole custody of the children; 3) allowing respondent to have overnight visitation with the children; and 4) requiring respondent to pay an inadequate amount of child support. Our review in this equitable proceeding is de novo. Iowa R.App. 4.

I. *Property Division.* Petitioner contends the trial court erred in not awarding her the full equity in the parties' home. In reviewing a property division, we are guided by the factors set forth in Iowa Code section 598.21(1). The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App. 1987).

Upon our de novo review of the record, we find the award of a $9,500 lien in the family home to be excessive. The home was purchased in 1981. The record reveals respondent has had a very sporadic employment history since that time. His annual earnings ranged from virtually nothing in 1981, 1984, 1985, 1987, and 1988, to a high of $6,143 in 1983. Much of respondent's bleak employment history may be due to his alcoholism.

Petitioner was essentially the sole source of financial support for their family of seven. Despite his lack of employment, respondent does not appear to have contributed significantly to providing any homemaking or child care services for his family. Household responsibilities and child care arrangements rested largely on petitioner's shoulders.

 The family home was the parties' only asset of any real value. It was petitioner's income, and a gift from her father, which enabled the parties to keep and maintain the home. The contributions of each party to a marriage are to be considered when making a property disposition. An equitable property division of the appreciated value of property, should be a function of the tangible contributions of each party, and not the mere existence of the marital relationship. *In re Marriage of Lattig*, 318 N.W.2d 811, 815 (Iowa App. 1982). In light of petitioner's contributions to this marriage, her assumption of the vast majority of the parties' debts (approximately $7,500), and her responsibility for the physical care of five children, the lien awarded to respondent should be decreased. We modify his lien to $3,750, one-half of the down payment the parties made for their home when they purchased it in 1981. As established by the trial court, the amount of the lien shall be due when respondent's obligation for child support has ceased or petitioner has died. Consistent with the trial court's decision,

this lien shall not bear interest. Unlike the trial court's decree, payment of this lien will not become immediately due and owing upon remarriage by petitioner. At the time the lien becomes due and owing, all accrued and unpaid child support will be deducted therefrom.

II. *Sole Custody.* Petitioner argues she should have been awarded sole custody of the children. In order to assure a child maximum continuing physical and emotional contact with both parents, joint custody is favored whenever reasonable and in the child's best interests. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985). Section 598.41(3) of the Iowa Code sets forth nine factors to be considered when making joint custody determinations. No single one of the factors listed in section 598.41(3) is a condition precedent to allowing joint custody, nor is there a certain number of factors which, when satisfied, will either mandate or prohibit a joint custody award. *In re Marriage of Short,* 373 N.W.2d 158, 160 (Iowa App.1985).

Petitioner's brief sets forth several reasons why she feels joint custody is inappropriate. She points out that the parties do not agree to joint custody in this matter. Opposition of one party in a dissolution proceeding to joint custody is merely one factor to be considered by the court and does not preclude a joint custodial arrangement. *In re Marriage of Fish,* 350 N.W.2d 226, 229 (Iowa App.1984).

Petitioner also claims the parties cannot support each other's relationship with the children. Iowa Code § 598.41(3)(e). We have reviewed the testimony in this regard, and have examined the parties' visitation record since their separation, and find this claim to be without merit.

Petitioner contends respondent's alcoholism prevents him from being a suitable custodian for the children and endangers their safety. At trial on November 18, 1988, respondent claimed he had been sober since June 30, 1988. The trial court had the opportunity to observe the witnesses and assess their credibility. The record reveals no evidence as to any danger respondent presented to his children, and we adopt the trial court's finding as to respondent's continued sobriety. No basis exists for denying joint custody pursuant to section 598.41(3).

III. *Overnight Visitation.* Petitioner claims respondent should be denied overnight visitation with his children. This claim is predicated upon her concern respondent will "fall off the wagon." As noted earlier, we defer to the trial court's finding with regard to respondent's continued sobriety. The record is devoid of evidence as to why respondent should be denied overnight visitation with his children. The trial court's decision is affirmed with regard to its visitation provisions.

IV. *Child Support.* Petitioner contends the trial court's order for respondent to pay $30 per month per child in child support is inadequate. It is well established that parents have a legal obligation to support their children. *In re Marriage of Fleener,* 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein,* 359 N.W.2d 500, 504 (Iowa App. 1984). The factors to consider are: the financial resources of the child; the financial resources of both parents; the standard of living the child would have enjoyed had there not been a dissolution; the cost of day care; the physical and emotional health needs of the child; and the child's educational needs. Iowa Code § 598.21(4).

Respondent testified he would soon be beginning full-time employment at a company called Loziers. He estimated he would earn $5 an hour. Considering the financial resources of both parents and the guidance offered us by the child support guidelines issued by our supreme court,[1]

---

1. Pursuant to an order entered by the Iowa Supreme Court on September 29, 1989, the prohibition on using temporary support guidelines as standards in fixing permanent child support was suspended.

the child support order entered by the trial court is equitable in this case.

AFFIRMED AS MODIFIED.