# IN THE COURT OF APPEALS OF IOWA

No. 4-061 / 13-1131
Filed March 26, 2014


IN RE THE MARRIAGE OF LARRY C. HARRAH
AND ANGELA SUE HARRAH

Upon the Petition of
**LARRY C. HARRAH,**
        Petitioner-Appellant,

And Concerning
**ANGELA SUE HARRAH,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Wright County, Colleen D. Weiland,

Judge.


        Larry C. Harrah appeals the district court ruling dissolving his marriage to

Angela Sue Harrah.  **AFFIRMED.**


        Megan Rosenberg, of Hobson, Cody & Cody,Hampton, for appellant.

        Dani Eisentrager, of Eisentrager Law Office, Eagle Grove, for appellee.


        Considered by Potterfield, P.J., Bower, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**BOWER, J.**

Larry C. Harrah appeals the district court ruling dissolving his marriage to Angela Sue Harrah. Larry contends the district court erred in valuing the parties' property on the date of the dissolution trial, rather than the date of separation. He also claims the district court failed to award him sufficient credits for property brought into the marriage and for paying off Angela's premarital debt. Finally, he claims the court erred in ordering him to pay a portion of Angela's attorney fees. We find the district court correctly valued the parties' property as of the date of the dissolution trial. We also find the district court gave proper credit for assets and liabilities brought into and paid off during the marriage, and the award of attorney fees was appropriate. We affirm.

## I.    Background Facts and Proceedings

Larry filed a petition for dissolution of marriage on May 3, 2012. Larry and Angela had been married for less than three years. Following a trial in February 2013, the district court entered a decree of dissolution in May 2013. Larry then filed a motion to enlarge and amend. The district court ruled on the motion, agreeing with Larry in two respects. First, the district court recognized it had failed to credit Larry with $21,000 for premarital equity in real estate. Second, the district court corrected an error in the itemization of assets. As a result of these corrections, Larry's equalization payment to Angela was reduced from $63,400 to $51,000.

As the district court recognized, while the parties were married for a short period of time, they engaged in a large number of important financial transactions

regarding the marital home, including refinancing and taking out home equity loans. These transactions allowed the parties to make improvements to the property, which Larry owned prior to the marriage. The parties also purchased a timeshare in Hawaii and bought and sold a number of motor vehicles.

Larry is the owner of an agricultural business currently known as Wright County Ag, L.L.C. At the time the parties married, Larry owned a nearly identical business known as Harrah Agriculture. For much of the marriage, Angela was employed by the business, though she later obtained other employment, at Larry's request, to improve their finances. Due to financial troubles, the parties decided to start Wright County Ag and dissolve Harrah Agriculture. As a result, Angela was given a 10% share in Wright County Ag.

In the decree, the district court awarded Larry the marital home and the timeshare.[1] Angela was awarded a home she purchased subsequent to the separation and one vehicle, while Larry was awarded several other vehicles. The parties were each awarded their individual bank and retirement accounts. Each party was ordered to assume all debts incurred in their name, with the exception of two credit card accounts and a charitable pledge, which were assigned to Larry. Due to the disparity of the distribution of property, Larry was ordered to make an equalization payment that included $5,000 for Angela's share of Wright County Ag. All assets and debts were evaluated as of the date of trial. Finally, Larry was ordered to pay $2,000 in Angela's attorney fees.

---

[1] Larry was ordered to make all reasonable efforts to refinance the mortgage and note on the marital home within six months in order to release Angela from the debt.

## II.     Standard of Review

As an equitable proceeding, we review the decree of dissolution de novo. Iowa R. App. P. 6.907.  We give weight to the findings of the trial court but are not bound by them.  *In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988).

## III.     Discussion

Larry raises four issues on appeal.  First, he contends the district court should have valued the parties' property at the time of the separation not the date of the dissolution trial.  Next, he claims he should have been given greater credit for his premarital assets and for helping pay off Angela's premarital debts. Finally, he asks us to vacate the award of attorney fees.  Angela requests appellate attorney fees.

### A.  Date of Evaluation

When dissolving a marriage, the district court is to divide equitably all property, with the exception of inherited property or gifts, between the parties. Iowa Code § 598.21(5) (2013).  Dividing the property equitably requires an examination of the tangible contributions of each party.  *In re Marriage of Bulanda*, 451  N.W.2d 15, 17 (Iowa Ct. App. 1989).  Normally, the value of the property is determined as of the date of the trial.  *See Locke v. Locke*, 246 N.W.2d 246, 252 (Iowa 1976).  Though this court has recognized there may be occasions where a date other than the trial date may be the proper time to determine values, the applicability of that policy has since been called into question.  *See In re Marriage of Oakes*, 462 N.W.2d 730, 733 (Iowa Ct. App. 1990) (allowing for possibility of separation date valuation); *In re Marriage of*

*Campbell*, 623 N.W.2d 585, 587–88 (Iowa Ct. App. 2001) (expressly overruling *Oakes* allowing for valuation based upon the date of separation when one party does not contribute to post-separation growth of an asset).

We find the district court was correct in valuing the parties' property as of the date of the dissolution trial. This is not a case where the parties separated and years passed before the decree was entered. Like the marriage itself, the time between the separation and the entry of the decree was short. Although Larry presented some evidence regarding the post-separation improvement in the parties' financial standing, we see no unusual facts giving us reason to depart from the trial date valuation.

### B. Premarital Assets and Debts

Larry contends he should have been given greater credit for the premarital assets he brought to the marriage. Property brought to the marriage by each party is a factor to be considered when crafting the final division of property. Iowa Code § 598.21(5)(b). Premarital property is not, however, included in inherited or gifted property that is specifically excluded from an equitable distribution. Iowa Code § 598.21(6). "The district court may assign varying weight to premarital property, but should not automatically award it to the spouse who owned the property prior to the marriage." *In re Marriage of McDermott*, 827 N.W.2d 671, 678 (Iowa 2013).

Following entry of the decree, Larry successfully sought modification along identical grounds. The record is clear Larry entered the marriage in better financial condition than Angela, bringing with him a business, the marital home,

and a greater net worth. He contends he should be given greater credit for his premarital standing because his net worth decreased during the marriage while Angela's improved. We disagree. The district court considered both Larry and Angela's premarital financial condition and properly weighed the differences when distributing their assets and liabilities. The parties each contributed to numerous financial transactions concerning the home during the marriage, and Angela took active roles in both agriculture businesses during the marriage. We find the district court's decision concerning Larry's premarital contributions and retirement of Angela's premarital debt was equitable.

### C. Attorney Fees

Angela was awarded $2,000 in attorney fees, and requests additional fees on appeal. Attorney fees are not allowable as a matter of right and depend upon the parties' financial condition and relative ability to pay. *See In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977). When considering whether to award appellate attorney fees, we add the additional consideration of whether the requesting party has been required to defend the decree. *See In re Marriage of Erickson*, 228 N.W.2d 59 (Iowa 1975). Because of the closer perspective and expertise of the district courts, they have considerable discretion in awarding attorney fees. *Id.* Considering the relative financial standing of the parties, we find the district court's award to be equitable. We decline to award appellate attorney fees.

**AFFIRMED.**