In re The MARRIAGE OF Sylvia Baker LOCHMILLER and Dennis John Lochmiller

Sylvia Baker LOCHMILLER, Petitioner-Appellee, Cross-Appellant, and concerning Dennis John LOCHMILLER, Respondent-Appellant, Cross-Appellee.

No. 2–57517.

Supreme Court of Iowa.

May 21, 1975.

Dennis John Lochmiller, pro se, respondent-appellant, cross-appellee.

Raun, Franck, Mundt & Nepper, Denison, for petitioner-appellee, cross-appellant.

Heard by MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

Both parties appeal provisions of trial court decree in marriage dissolution proceeding. We affirm on both appeals and assess costs and petitioner's attorney fees against respondent.

The parties were married October 29, 1960. Two children were born of this marriage, Barry and Christine, ages eleven and nine respectively at trial time. The family lived together until the first part of 1973 when marital difficulties began. Petition for dissolution was filed January 9, 1974. After filing of answer, deposition taking and appointment of an attorney for the children, the case was tried on May 23, 1974.

The trial court's decree, filed June 10, 1974, dissolved the marriage; awarded custody and control of both children to petitioner-wife, with visitation rights to respondent-husband; ordered respondent to pay child support of $50 per month per child until reaching 18 years of age; ordered respondent to pay petitioner $100 a month alimony until the youngest child reaches 18 years of age; awarded petitioner a property settlement of $12,000 and ordered respondent to pay $500 attorney fees for petitioner.

On this appeal respondent asserts he should be granted custody of the son Barry;

the award of child support was not based on competent evidence; the award of alimony was an abuse of discretion and the trial court made an excessive property settlement to petitioner.

On cross-appeal petitioner contends child support award was inadequate; the property settlement provision was not enough and the attorney fee allowance was inadequate.

I. Code section 598.21 provides:

"When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified. * * *."

The general principles applicable to the custody issue are listed in In re Marriage of Winter, Iowa, 223 N.W.2d 165, 166, 167. In evaluating a child support award we use the criteria explained in In re Marriage of Zoellner, Iowa, 219 N.W.2d 517, 525. In considering alimony and property distribution we follow the guidelines laid down in Schantz v. Schantz, Iowa, 163 N.W.2d 398, 405, as modified in In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345. We need not elaborate on these principles and guidelines.

II. No two cases are factually alike and therefore precedents are of little value. In our de novo review we have studied the entire record including the appendix, the trial transcript, the depositions which were introduced at trial, the exhibits and the briefs and arguments. An extensive factual recital would add nothing to our jurisprudence.

A more complete and candid disclosure by respondent of his financial dealings and assets would have been helpful in this case. We agree with the trial court's finding that respondent's testimony "taxes the credulity of this Court."

Trial courts are permitted considerable discretion in allowing attorney's fees in dissolution actions. In re Marriage of Moorhead, Iowa, 224 N.W.2d 242, 245; McNamara v. McNamara, Iowa, 181 N.W.2d 206, 211. Although rather modest the allowance for attorney fees made by the trial court is approved.

We conclude the trial court decree should be affirmed on both appeals.

III. Petitioner has submitted an itemization of her attorney fees on appeal and claims respondent should be required to pay the entire amount. We allow petitioner the sum of $1200 to apply to her attorney fees to be paid by respondent within three months from the date of filing of this decision.

Costs of this appeal are taxed against respondent.

Affirmed on both appeals.