**In re the MARRIAGE OF Donald Everett WILLCOXSON and Joan Dee Willcoxson.**

**Upon the Petition of Donald Everett WILLCOXSON, Petitioner,**

**and Concerning**

**Joan Dee WILLCOXSON, Respondent.**

No. 2–58026.

Supreme Court of Iowa.

Feb. 16, 1977.

John C. Platt, Cedar Rapids, for appellant.

D. W. Harris, Bloomfield, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

This marriage, which had endured 21 years and had produced seven children, was terminated by a decree of dissolution on January 15, 1975. Petitioner Donald Everett Willcoxson appeals only from the property settlement provisions of the decree and from an allowance of attorney fees. We modify and affirm.

At the time of the divorce Donald was 42 and Joan 40. They had been separated for more than a year. Both were in relatively good health, although Joan complained mildly of varicose veins. Of their seven children, five, ranging in age from 17 to 9, were still minors. The two girls, Wendy and Amy, were given to the custody of their mother. The three boys, Steven, Kelly and Craig, were awarded to their father. The trial court made a special finding that split custody was for the best interests of the children. *Cf. In Re Marriage of Winter,* 223 N.W.2d 165, 168 (1974). Neither party appeals from this finding.

I. Since fault is not a factor in determining the right to have a marriage dissolved, we do not discuss the factual background which led to the break-up of this marriage. *See In Re Marriage of Williams,* 199 N.W.2d 339, 344 (Iowa 1972). We concern ourselves only with the provisions of the property settlement. We refer also to the allowances made for alimony and child support, which have some significance in determining the propriety of the ultimate disposition of the marital assets. *See In Re Marriage of Winter, supra,* 223 N.W.2d at 169.

The provision as to support and alimony is set out in full:

"The petitioner [Donald] shall pay to the Clerk of this Court the sum of $60 per week as child support for the minor children [Wendy and Amy] of the parties residing with the respondent [Joan] commencing on January 22, 1975, and each Wednesday thereafter until February 4th, 1976, when such weekly payment shall be reduced to $30. Petitioner's obligation under this paragraph shall cease when Amy Willcoxson attains age 18.

"The petitioner shall pay to the Clerk of this Court as alimony for respondent the sum of $30 per week commencing February 4th, 1976, and on each Wednesday thereafter. Said weekly payment shall be increased to $47.50 per week when Amy Willcoxson attains age 18. Petitioner's obligation under this paragraph shall cease when respondent remarries or dies."

The record shows the parties had accumulated the following property: a homestead valued at $18,000 with an unpaid mortgage balance of $10,200; furniture, $1,200; 1967 Ford, $300; 1970 Chevrolet Impala, $1,200 with an encumbrance of $128; Series "E" Bonds, $90; and machinist tools used by petitioner in his employment, $800.

All of this property was awarded to Joan except the Series "E" Bonds with a value of $90, the machinist tools with a value of $800 and the 1967 Ford automobile valued at $300.

In awarding Joan title to the home, the trial court provided Donald was to pay the outstanding indebtedness of $10,200. He was also to pay the taxes and to provide fire and extended insurance coverage on the property.

If Donald should comply fully with the terms of the decree, Joan would eventually get the homestead unencumbered. When that occurred, she would have received property valued at approximately $20,000 and Donald would have received property worth $1,190.

■ Donald asserts the property settlement is unequitable. He does not challenge the support or alimony allowed by the court. Our review is de novo. We give weight to the findings of the trial court but are not bound thereby. The factors to be considered in reaching a proper determination as to the division of property are set out in *Schantz v. Schantz,* 163 N.W.2d 398, 405 (1968) except that the fault concept mentioned there is no longer significant. *See In Re Marriage of Williams, supra,* 199 N.W.2d at 345.

The court also provided Donald should pay outstanding indebtedness in an amount between $2,000 and $2,600, depending on verification of several of the accounts.

■ We hold the property settlement must be modified. We agree with the trial court that Donald should maintain the family home until Amy reaches the age of 18. However, we direct the home should then be sold and the net proceeds divided evenly between the parties. Any portion of the mortgage remaining unpaid, or any payments on the mortgage or on taxes and insurance which Joan has made because of Donald's default, shall be charged against Donald's interest before he takes any of the proceeds.

The effect of this is to award Joan slightly more than the total value of the present equity in the home; to require Donald to maintain the home for her and his two daughters; and thereafter to permit him to recoup most of the amount paid by him on the mortgage indebtedness after the date of the dissolution decree.

■■ II. Donald also objects to the trial court's allowance of $415 for Joan's attorney fees. He correctly argues attorney fees are not allowable as a matter of right. The allowance depends on the financial condition of the parties and their respective ability to pay. *In Re Marriage of Erickson,* 228 N.W.2d 57, 59 (Iowa 1975). Donald says there is no evidence to support the award. This is not true. The entire financial picture of the parties was before the court, including their respective earnings, living expenses, and liabilities.

■ Trial courts are familiar with the value of services in dissolution matters. Most of the services for which compensation was allowed were rendered during trial before the judge who made the award. Trial courts have considerable discretion in fixing fees. *In Re Marriage of Lochmiller,* 229 N.W.2d 228, 229 (Iowa 1975). The allowance appears fair and reasonable and should not be disturbed.

III. Except as herein modified, the decree of the trial court is affirmed.

MODIFIED AND AFFIRMED.