In re the MARRIAGE OF Anne M. GILES and Francis A. Giles.

Upon the Petition of Anne M. Giles, Petitioner-Appellant, And Concerning Francis A. Giles, Respondent-Appellee.

No. 2–68756.

Court of Appeals of Iowa.

Aug. 30, 1983.

Harlan M. Hockett and Joseph G. Bertogli of Flagg, Hockett, Benhart & Golden, Des Moines, for petitioner-appellant.

Donald W. Baird of Baird, Bowers, Holliday & Wilson, Des Moines, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Petitioner-wife appeals from economic provisions of the parties' dissolution decree, asserting: (1) that the alimony award was inadequate; (2) that the property division was inequitable; (3) that the award of attorney's fees was inadequate; and (4) that she should be awarded attorney's fees on appeal. We modify the alimony award to petitioner, and affirm the remaining provisions in their entirety.

Petitioner and respondent were married in 1950 when they were, respectively, 20 and 18. Petitioner was primarily a housewife and mother during the marriage and at the time of trial was unemployed and lacking in marketable job skills. Respondent was vice-president and forty-nine percent owner of a sheet metal firm. His gross annual income was approximately $41,500. The majority of the parties' assets were their homestead, appraised at $39,500, a rental property worth less than $8,000, and respondent's stock in Wood Sheet Metal Company, the value of which is questionable. There are no minor children.

In its decree, the trial court ordered the sale of the parties' real estate, and ordered an equal division of the net proceeds. Respondent was ordered to turn half of his stock in Wood Sheet Metal over to petitioner. He was also ordered to pay $100 per week as alimony to petitioner, terminable upon her remarriage or the death of either party. Finally, petitioner was awarded $800 towards her attorney's fees.

Our review of this equitable proceeding is **de novo.** Iowa R.App.P. 4. While we are not bound by the findings of the trial court, we do give weight especially where the credibility of the witnesses is involved. Iowa R.App.P. 14(f)(7). As in all cases of this type, precedent is of little value and our decision must ultimately depend on the particular facts of this case. *In re Marriage of Kehrli,* 241 N.W.2d 923, 926 (Iowa 1976).

I.

We are persuaded that the trial court's award of alimony was inadequate in this case. The factors to be considered in affixing an award of alimony have been set out at length in Iowa Code § 598.21(3) and need not be enumerated here. We note briefly that the parties were married for nearly 32 years, that respondent earns a respectable salary, and that petitioner's

earning capacity is limited at best. Clearly, petitioner's needs cannot be met on $100 per week. Equally important is that respondent has the wherewithal to provide more. While we agree that petitioner cannot expect to be maintained at the same standard of living she enjoyed while she was married, we point out that alimony payments should not be calculated to maintain respondent's standard of living at petitioner's expense. We therefore order that respondent's alimony obligation be increased from $100 per week to $200 per week. Respondent's alimony obligation shall terminate either upon petitioner's remarriage, or upon either party's death, whichever occurs first.

## II.

We also conclude that the trial court's division of property must be modified. The division of property pursuant to a dissolution of marriage is governed by Iowa Code § 598.21(1). That section codifies prior Iowa case law which held that marital property is to be divided equitably between the parties, taking into account certain specified factors. *See Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968) and *In re Marriage of Winter*, 223 N.W.2d 165, 169 (Iowa 1974). Those factors include the duration of the parties' marriage, their respective ages and earning capacities, and the property brought into the marriage by each. The ultimate test is whether, considering all of the circumstances, the division is fair and just. *Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976).

In the present case petitioner is over fifty years old, in poor health, and has not worked outside the home during the marriage. We believe it is inequitable to force her to move out of the parties' home and purchase or rent a suitable place to live. Awarding her part of the stock of a closely-held corporation which is of little value to her does not sufficiently offset the loss of her home. On the other hand, the stock is of great value to respondent since his ownership of 49% of the stock of Wood Sheet Metal Co. allows him to earn a much higher salary than he could otherwise draw. In such a situation taking away part of the stock is unfair to respondent. Therefore, we modify the trial court's property division in the following manner: (1) all of the stock of the corporation is awarded to respondent; (2) both parcels of real estate are awarded to petitioner; and (3) petitioner is solely responsible for the first and second mortgages now against the real estate and shall hold respondent harmless from any liability thereon.

## III.

Petitioner argues that she is entitled to more than the $800 the trial court awarded her towards the payment of her attorney's fees. We do not agree. The trial court is vested with considerable discretion in allowing attorney's fees to be awarded in dissolution cases. *In re Marriage of Lochmiller*, 229 N.W.2d 228, 229 (Iowa 1975). Moreover, "[t]rial courts are familiar with the value of services in dissolution matters. Most of the services for which compensation was allowed were rendered during trial before the judge who made the award. Trial courts have considerable discretion in fixing fees." *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977). We find no reason to disturb the trial court's award in the present case.

## IV.

Petitioner requests that we award her attorney's fees and costs on appeal. In support of her request she has given us an itemized statement detailing her attorney's fees. Such an award may be granted depending upon the parties' respective abilities to pay. *Willcoxson*, 250 N.W.2d at 427. Considering the respective financial condition of both parties, and considering the services actually rendered by petitioner's counsel on appeal, we order respondent to pay petitioner the sum of $750 towards her attorney's fees. Costs are assessed to each respective party as incurred.

AFFIRMED AS MODIFIED.