### In re The MARRIAGE OF Carl HUMPHREY and Madonna Humphrey.

### Upon the Petition of Carl Humphrey, Appellant,

### And Concerning Madonna Humphrey, Appellee.

### No. 89–181.

Court of Appeals of Iowa.

Oct. 5, 1989.

Harold B. Heslinga, of Heslinga, Heslinga, Dixon & Grotewald, Oskaloosa, for appellant.

Daniel P. Wilson, of Drake, Wilson & Jay, Centerville, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The husband appeals a dissolution decree, challenging economic provisions. We affirm.

The parties, Carl and Madonna, are both around seventy years old. They were married in February 1988, six to eight weeks after Carl responded to Madonna's newspaper advertisement seeking a husband. It was the fourth marriage for each party.

At the time of the marriage, Madonna had assets worth over $1,000,000, while Carl had very few assets. Madonna owned the house in which the parties planned to live.

Prior to the marriage the parties signed a prenuptial agreement providing basically that in the event of the death of one party, the survivor would make no claim on most of the assets of the other. However, the prenuptial agreement also provided that Madonna would transfer the ownership of the marital residence to herself and Carl as joint tenants. Madonna did in fact execute a deed transferring the residence to herself

and Carl as joint tenants. She testified that her purpose in doing this was to insure that Carl would have a place to live if she predeceased him.

The marriage lasted only about four months. The dissolution decree awarded Madonna all the property she had owned before the marriage, including the residence. The decree also awarded Carl the limited property he had owned before the marriage.

Carl has appealed the dissolution decree. He makes no claim to the bulk of Madonna's assets, but he argues he should have been awarded a one-half interest in the marital residence. He relies on the deed transferring the house to Madonna and himself as joint tenants. He also relies on the antenuptial agreement noted above. Carl also contends the district court should have awarded him attorney's fees. In addition, he requests attorney's fees on appeal.

This is an equitable action and our review in cases such as these is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.*

■ Carl makes two arguments regarding his entitlement to a portion of the house. Carl suggests the transfer of the house into joint tenancy was intended as a gift. The law requires that in an equity case, proof of the intent of a donor to make a gift must be established by clear, convincing, and satisfactory evidence, while at law such intent need only be proven by a preponderance of the evidence. *Jensen v. Schreck*, 275 N.W.2d 374, 382 (Iowa 1979). It is clear from the record that Madonna did not intend this transfer as a gift to Carl. It was merely intended to provide a secure home for either of them should the other die, and therefore should be divided in an equitable manner, as in any divorce action.

■ Carl also contends the antenuptial agreement constituted a binding contract granting him joint interest in the home.

The provisions of the antenuptial agreement are merely one factor to be considered along with several other factors under the provisions of Iowa Code section 598.21(1). The trial court properly considered the agreement along with the other factors such as the length of the marriage and the contribution of each party to the marriage. It is apparent that this was not a match made in heaven and was something less than well thought out. The marriage only lasted for four months and Madonna provided most, if not all, of the parties' expenses during that time. The trial court was correct in returning the property to Madonna.

Carl contends the trial court should have awarded him attorney fees due to the large difference between his income and Madonna's. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award, the complaining party must show that the trial court abused its discretion. *Id.* The trial court did not abuse its discretion in this instance.

Finally, Carl requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). Madonna was required to defend an appeal whose main strength was its rather unique facts and should certainly not be required to pay attorney fees for both sides. The request for attorney fees on this appeal is denied.

AFFIRMED.