In re the MARRIAGE OF Ronald Gene JOHNSON and Laura June Johnson.

Upon the Petition of Ronald Gene Johnson, Appellee,

And Concerning Laura June Johnson, Appellant.

No. 89–613.

Court of Appeals of Iowa.

Feb. 22, 1990.

As Corrected Aug. 13, 1990.

Terrence G. Rutherford and John M. Trewet of Howard, Rutherford & Mailander, Atlantic, for appellant.

J.C. Salvo and Richard C. Schenck of Salvo, Deren, Schenk & Lauterbach, P.C., Harlan, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Laura Johnson appeals a district court decree of dissolution. We modify the trial court's ruling.

Laura Johnson and Ronald Johnson were married on June 21, 1959. The parties are the parents of four children who are now adults.

Ronald, age 49 at trial, has been employed by Walnut Grove Products in Atlantic, Iowa, throughout the marriage. Ronald earns over $40,000 a year.

Laura, age 48 at trial, was primarily a homemaker during the marriage. Laura has recently received training and is now employed as a cosmetologist. She earns about $3.50 per hour for around 35 to 38 hours of work per week.

During the marriage, Laura received certain items of real and personal property from her family. The extent of these gifts was disputed at trial. In the 1970's, Laura received forty acres of Nebraska land upon the death of her father. In 1984, Laura received an adjoining forty acres when her mother died. In 1981, Ronald and Laura contracted to buy a 160–acre farm in Nebraska from Laura's mother. Upon Laura's mother's death in 1984, the contract balance of over $91,000 then owing was forgiven by the estate. Laura also argued that most of the parties' approximately $204,000 in municipal bonds were acquired by assets from Laura's mother.

After trial, the district court entered its decree of dissolution. The court awarded the family home to Laura subject to Laura's responsibility of $17,000 of the $25,000 mortgage indebtedness on the property. As to the Nebraska property, the district court awarded Laura both the 80–acre and 160–acre parcels. However, the court considered the 160–acre parcel a marital asset. Because of this distribution of the Nebraska land, the court awarded Ronald all but $10,000 of the municipal bonds. The dis-trict court then awarded Laura alimony of $250 per month for three years.

Laura appeals these provisions claiming that the bulk of the property listed above was either inherited or given to Laura by her mother and should not be included as marital property. In addition, Laura challenges the division of debts, personal property, and the provisions for attorney fees at the trial court level.

Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Prior cases, though helpful, have little precedential value since we must base our decision here primarily on the particular circumstance of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

Laura's main contention is that certain inherited property from her mother, as well as certain gifts, also from her mother, should not have been included in the marital property. Based on our de novo review of the record, we find that the trial court failed to properly consider all of the inherited and gifted property, therefore rendering the property division inequitable.

There is a great deal of property in many different forms involved in this case and our redistribution must be carefully set out. The division of the trial court was as follows:

| TO RONALD | | TO LAURA | |
|---|---|---|---|
| 1981 Dodge Van | $ 1,500 | Home | $ 80,000 |
| Airplane | 21,500 | Household Goods | 7,500 |
| Camper | 1,000 | 1988 Oldsmobile | 12,000 |
| Walnut Grove Plan | 63,000 | IRA | 5,433 |
| IRA | 5,433 | 80–acre Farm | 100,000 |
| Municipal Bonds | 204,000 | 160–acre Farm | 185,000 |
| Life Ins. (cash value) | 4,000 | ½ Coupons on hand | 2,000 |
| ½ Coupons on hand | 2,000 | ½ Promissory Note | 6,000 |
| ½ Promissory Note | 6,000 | ½ Contract | 30,500 |
| ½ Contract | 30,500 | ½ Grain | 6,000 |
| ½ Grain | 6,000 | Bogart Oil | 10,000 |
| TO RON | $344,433 | TO LAURA | $444,433 |

The property in contention is the $204,000 worth of municipal bonds, the 80–acre farm, the 160–acre farm, and the home. The question we must decide is what por-

tion of each of these items was inherited or given to Laura and, therefore, should have been set aside from the marital property.

■ All of the marital property must be divided equitably; however, the inherited or gifted property of each party must be set aside for that party unless not dividing such property would be inequitable to the other party or the children. Iowa Code § 598.21(2); *see also In re Marriage of Conley*, 284 N.W.2d 220, 222 (Iowa 1979). No children are involved in this case and so any inequities must be examined only from Ronald's point of view.

■ It appears from the record that the 80–acre farm and $90,000 of the 160–acre farm were the inherited property of Laura. The properties were inherited and became her possessions after the death of her parents. This means that the 80–acre farm valued at $100,000 and $90,000 of the 160–acre farm must be taken out of the marital property bin and placed exclusively with Laura. This leaves only $95,000 of the 160–acre farm to be divided as marital property. In addition, the municipal bonds must be redistributed. Only $100,000 worth of those bonds should be included as marital property. The other $104,000 were clearly a gift to Laura from her mother. There is evidence to show that Ronald did participate in the acquisition of some of these bonds; however, including even $100,000 worth is more than fair in this instance.

■ There is insufficient evidence in the record to show that any significant portion of the home should not be included as marital property. Laura and Ronald did receive assistance from her parents, but the exact amount of that assistance is uncertain and certainly not sufficient to consider the home nonmarital property.

In the final analysis, the property must be redistributed after taking the entire value of the 80–acre farm, $90,000 of the 160–acre farm, and $104,000 of the municipal bonds out of marital property and including them in the inherited and gifted property of Laura.

The remaining values of the 160–acre farm ($95,000), and municipal bonds ($100,000), can now be divided as marital property. In order to reach an equitable split in the simplest manner possible, it is necessary to grant the remaining value of the 160–acre farm to Laura (in addition to the $90,000 inherited from her mother, the entire value of the 80–acre farm and the $104,000 worth of municipal bonds), and give the remaining bonds and the $10,000 worth of Bogert Oil stock to Ronald, leaving a division as follows:

| TO RONALD | | | TO LAURA | |
|---|---|---|---|---|
| 1981 Dodge Van | $ 1,500 | Home | $ 80,000 |
| Airplane | 21,500 | Household Goods | 7,500 |
| Camper | 1,000 | 1988 Oldsmobile | 12,000 |
| Walnut Grove Plan | 63,000 | IRA | 5,433 |
| IRA | 5,433 | 160–acre Farm | 95,000 |
| Life Ins. (cash value) | 4,000 | ½ Coupons on hand | 2,000 |
| ½ Coupons on hand | 2,000 | ½ Promissory Note | 6,000 |
| ½ Promissory Note | 6,000 | ½ Grain | 6,000 |
| ½ Contract | 30,500 | ½ Contract | 30,500 |
| ½ Grain | 6,000 | | |
| Municipal Bonds | 100,000 | | |
| Bogert Oil | 10,000 | | |
| TO RON | $250,933 | TO LAURA | $244,433 |

This gives Ronald somewhat more of the marital property than Laura, in addition to his substantial income. However, we are allowed to consider the amount of separate property of each party and the amount possessed by Laura allows this slight differential. In addition, the large amounts of property involved render this difference insubstantial. We may also consider the property division and alimony together in

evaluating their individual sufficiency. *In re Marriage of Dahl,* 418 N.W.2d 358, 359 (Iowa App.1987); *In re Marriage of Griffin,* 356 N.W.2d at 608. All of these circumstances point toward an equitable distribution and we modify the trial court on this issue.

Laura also asks for an increase in alimony, mainly based on her slight earning potential as compared to Ronald's. Laura recognized that increased alimony may not be necessary if a redistribution of the property was made. We did make such a distribution and therefore we find the alimony to be sufficient.

Laura also claims the debts were incorrectly divided by the trial court. Based on the new distribution of assets, many of Laura's complaints are now moot and the overall division of assets and debts is equitable.

Laura also contends the trial court improperly allowed Ronald to submit an exhibit concerning personal property. There is no evidence in the record to suggest that the division of personal property was improper or unfairly decided. Laura had the opportunity to present her arguments as to why certain personal property should be hers. We affirm the trial court's division of the personal property.

Finally, Laura challenges the trial court's failure to award her attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award, the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa 1982). The court required Ronald and Laura to pay their own attorney fees. Given the substantial amount of property now at Laura's disposal and the substantial income of Ronald, the trial court was correct in its holding.

We affirm as modified. The costs of this appeal are to be assessed against Ronald.

AFFIRMED AS MODIFIED.