**In re MARRIAGE OF Susan Irene OAKES and Timothy Laurence Moleski.**

**Upon the Petition of Susan Irene Oakes, Appellee,**

**And Concerning Timothy Laurence Moleski, Appellant.**

No. 89–1398.

Court of Appeals of Iowa.

Sept. 26, 1990.

Mark J. McCool, Cedar Rapids, for appellant.

Lorraine K. Snead, of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellee.

Heard by OXENBERGER, C.J., and HAYDEN and HABHAB, JJ., but decided en banc.

OXBERGER, Chief Judge.

Susan Oakes and Tim Moleski were married in 1984. They have one child, Sean Moleski born in November 1984.

Tim is a mechanical engineer and has earned over $35,000 per year for several years. Susan was a full-time homemaker during much of the marriage; she is now employed as an office manager for a fledgling business enterprise, earning about $1,000 per month. She has a college degree in textiles and clothing merchandising.

The district court placed the parties' child in joint legal custody and in Susan's primary physical care. The district court characterized both Susan and Tim as good parents, but concluded that Susan is "marginally to be preferred as the primary caretaker;" the court noted that Susan has been the primary caretaker in the past and that the child has flourished under her care. The court concluded that Tim should also have extensive contact with the child and extensive child care responsibilities; the court declined to characterize Tim's periods of care as visitation, and the court commented that "the decree attempts to maximize the amount of time that [Tim] will have with the child, consistent with giving the child a definite home to which he can become attached." Susan in her brief asks us to affirm the trial court in all respects.

The court directed Tim to pay Susan child support of $500 per month for ten months per year. The support obligation is to be suspended during the months of June and July, when Tim will have the child in his care. The child support award is subject to "cost of living" increases keyed to the Consumer Price Index.

The court directed Tim to pay Susan $27,152 as a division of marital assets. The assets in question were primarily retirement accounts and investment accounts; the payment to Susan was to be effectuated by a division of some of these accounts. (The parties had stipulated to the disposition of their nonfinancial assets, including their house; the court adopted the provisions of the stipulation, and none of those provisions is controverted in this appeal.)

Finally, the court directed Tim to contribute $3,000 toward Susan's trial attorney's fees.

Tim has appealed from the dissolution decree. Tim contends the parties' child should be transferred from Susan's primary care to his primary care. Tim further contends the awards to Susan of property and attorney's fees are excessive. Tim argues that Susan's cash property award should be reduced to $20,001, and that her award of trial attorney's fees should be reduced to $2,000.

Susan requests attorney's fees on appeal.

## I.

■ Tim contends that the district court erred in awarding Susan primary physical care of Sean.

■ Our review in this matter is de novo. *In re Marriage of Bowen*, 219 N.W.2d 683, 687 (Iowa 1974); Iowa R.App.P. 14(f)(15). In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.-41(3) and in *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983) and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant and neither parent should have a greater burden than the oth-

er in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985).

Tim accuses Susan of drug abuse, financial irresponsibility and involvement with a man who would be a negative influence on his child.

Susan admitted using drugs on a casual basis, however, she wisely has discontinued this practice. Susan has admitted that using drugs was a mistake. There is no evidence which suggests that her denial is anything other than correct. Regarding financial irresponsibility, there is not enough evidence to support Tim's position. The evidence shows typical financial problems besetting young married couples. We find the financial difficulties were derived from these basic facts far more than from the irresponsibility of the petitioner.

Tim further claims that Susan's current boyfriend would be a negative role model for Sean. There is testimony that revealed both Susan and Jim have been mindful of the effect on Sean of Jim remaining overnight at Susan's while Sean is present. Tim failed to present any evidence that shows any detrimental effect on Sean due to Susan and Jim's relationship. Jim acknowledges numerous affairs with married women and that he was a very heavy drinker for a substantial period of time. Jim claims that these problems no longer exist.

Susan has been the child's primary caretaker and the child has flourished. We find Susan's bond to the child is warmer and more emotional than that of Tim. Susan is, no doubt, the child's primary psychological parent. We affirm the district court.

## II.

■ The trial court awarded Susan $32,-868. Susan possessed $5,716 of marital assets at the time of dissolution. At the time of separation this asset was valued at $5,245. The trial court concluded that Susan was entitled to a net value of $27,152 from the net increase in the marital assets which occurred following the parties' marriage and before the date of trial.

The parties disagree as to the division of the premarital assets and the property accumulated after the date of separation. Tim asserts the district court erred in awarding Susan $32,868 in the property settlement.

■ The court in *In re Marriage of Webb*, 426 N.W.2d 402, 405 (Iowa 1988) stated the division of property is based upon each marital partners right to a just and equitable share of property accumulated during the marriage as a result of their joint efforts. The partners in the marriage are entitled to a just and equitable share of the property accumulated through their joint effort. *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987).

Tim contends the trial court erroneously divided his Merrill Lynch IRA in the property division. This IRA was valued at $2,012 on the date of marriage and accrued to $4,530 by the date of separation. Tim claims it would not be just and equitable to divide between Tim and Susan any of the property accumulated after the separation of the parties, as these assets were not jointly accumulated by the parties.

In *In re Marriage of Muelhaupt*, 439 N.W.2d 656, 661 (Iowa 1989), the Iowa Supreme Court held the net worth of the parties at the time of trial is relevant in adjusting their property rights in a dissolution. In *Muelhaupt*, the husband argued that stock he purchased after the parties separation should not be considered a marital asset. The court concluded that because the wife "contributed little to this asset" she was only entitled to approximately sixteen per cent of the fair market value of the stock. *Id.*

Susan claims the *Muelhaupt* holding can be distinguished from the case at bar due to the nature of the assets. In *Muelhaupt* the assets were stocks, whereas the assets involved in this case are funds accrued in retirement funds. We believe these differences are insignificant in determining the appropriate distribution of the assets. Based upon our review of the record in this case, we conclude that Susan did not contribute to the growth of these assets from the time of separation. Consequently, we

hold these assets should not be divided between Tim and Susan in the property distribution.

■ Tim maintains the property division should include an adjustment for approximately $8,000 he spent for various marital expenses from his premarital assets. Tim has currently transferred $14,756 of joint marital assets to Susan. As previously noted, Susan possessed marital assets which were valued at $5,716 at the time of trial. We believe the transfer of the $14,756 of joint marital assets plus the $5,716 Susan had in her possession at the time of trial, totaling $20,472, to be fair and equitable. Consequently, we modify the trial court's property award and award Susan a net value of $20,472 from the net increase in the marital assets which occurred following the parties' marriage and before the date of trial.

### III.

Tim asserts the district court erred in awarding Susan $500 per month of child support, notwithstanding the fact that appellant should have been awarded primary physical care of Sean and therefore he should not be required to pay any child support to Susan.

■ The Iowa Supreme Court on September 29, 1989, entered on order presenting uniform child support guidelines pursuant to Federal Family Support Act of 1988, Pub.L. No. 100–485. We find that the guidelines should apply to all cases pending on appeal as of September 29, 1989. The guidelines provide "the court shall not vary from the amount of child support which would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate." We remand this case to the trial court to conduct a hearing and enter an appropriate order pursuant to the guidelines. Pending said hearing on remand, we order child support be paid as ordered by the original trial court decree. We direct the trial court to order the child support for a twelve-month year. Susan's expenses for child care are only slightly reduced during

the child's absence. This court does not retain jurisdiction.

## IV.

 Tim asserts the district court erred in awarding Susan $3,000 in attorney fees, as the evidence submitted at the trial shows the court should have awarded Susan $2,000 of reasonable attorney fees.

Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award, the complaining party must show the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982).

In the present case, Tim has greater earnings and earning capacity than does Susan, thus the award of attorney fees is fair to the parties. Consequently, we affirm the trial courts award of $3,000 for attorney fees.

Susan also requested attorney fees on appeal. We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). In the present case, Tim has income far in excess of Susan. Further, he has significant premarital assets. Finally, Susan has been required to defend the trial court's decree on appeal. We award Susan attorney fees in the amount of $1,000 and tax court costs to Tim.

Except as modified and remanded with directions herein, we otherwise affirm the trial court.

AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED WITH DIRECTIONS.

All Judges concur except HABHAB, J., who concurs in part and dissents in part.

HABHAB, Judge (concurring in part and dissenting in part).

I concur with the majority except that part that remands this cause for hearing pursuant to the Uniform Child Support Guidelines. As to that part, I dissent.

This decree was entered on August 21, 1989. The temporary child support guidelines were not adopted as permanent child support guidelines by the supreme court until September 29, 1989. Under the circumstances here, I see no reason to remand for the reasons which I urged in *In re Marriage of Craig*, 462 N.W.2d 692 (Iowa App.1990).