In re the MARRIAGE OF Douglas
F. GRAUER and Carolyn Kay
Grauer,

Upon the Petition of Douglas F. Grauer,
Appellant, and Concerning Carolyn
Kay Grauer, Appellee.

No. 90–1257.

Court of Appeals of Iowa.

Sept. 24, 1991.

Patrick N. Murphy of Murphy & Dull, LeMars, for appellant.

R. Scott Rhinehart, Sioux City, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Douglas and Carolyn Kay Grauer were married in 1987. Their marriage lasted only three years. They had no children. Carolyn Kay's two children from an earlier marriage are emancipated and did not live with the parties during this marriage.

Douglas, thirty-two years old at trial, farmed throughout the marriage and for several years before. He farms 410 acres of rented land. While Douglas owns no farmland, he does own farm-related machinery and livestock.

Carolyn Kay, forty-one years old at trial, had been employed for twelve years as an executive legal secretary in Dallas, Texas, before the marriage. She earned over $36,000 per year. Upon marriage she moved to Iowa to live on the farm with Douglas. She held no employment during the marriage, but she sold Mary Kay products. After the parties separated, she returned to Dallas, and she had not yet found employment at the time of trial. She testified that, due to her three-year absence from employment, she will need to complete a training period of six months to a year to update herself on current office machines and procedures.

The district court dissolved the marriage in a decree dated July 10, 1990. The dissolution decree awarded each party the property he or she brought to the marriage. Douglas was awarded all the farm-related personal property, subject to all farm-related debt. Each party received various items of personal property, and each was made responsible for sizable non-farm debts. Douglas was directed to pay Carolyn Kay a cash property award of $13,600. Of this amount, the district court specified that $9,100 represented one-half the increase in the parties' net worth during the marriage; the remaining $4,500 was intended to compensate Carolyn Kay for the award to Douglas of a larger amount of the non-farm personal property.

Douglas was directed to pay Carolyn Kay rehabilitative alimony as follows: a $10,000 lump sum payment in August 1990 and $1,000 per month for thirty-six months thereafter. Douglas was also directed to contribute $2,500 toward Carolyn Kay's trial attorney's fees.

Douglas has appealed from the dissolution decree. He challenges the award of rehabilitative alimony. He also challenges the property division insofar as it requires him to pay Carolyn Kay $4,500 in cash to equalize the distribution of non-farm personal property. He does not challenge the remainder of the property division, including the other $9,100 of the cash property award. Finally, he challenges the award to Carolyn Kay of trial attorney's fees in the amount of $2,500.

Carolyn Kay argues for an increased alimony award, an increased share of the marital property, and an award of appellate attorney's fees.

I. *Scope of Review.* In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire

record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ II. *Alimony.* Alimony is a stipend made to one former spouse in lieu of the other's legal obligation for support. *In re Marriage of Francis*, 442 N.W.2d 59, 62 (Iowa 1989). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne*, 334 N.W.2d 347 (Iowa App.1983).

■ The property division and the award of alimony must be considered together in evaluating their individual sufficiency; they are neither made nor subject to evaluation in isolation from one another. *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984). However, the court must keep in mind the differing purposes of each. *In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981).

The considerations enumerated in Iowa Code section 598.21(3) commonly lead courts to award alimony for one or more of three general purposes. *See Francis*, 442 N.W.2d at 62–63. The award will differ in its amount and duration according to the end it is designed to serve.

■ In this case, the district court granted Carolyn Kay an award of rehabilitative alimony. Rehabilitative alimony serves to support an economically dependent spouse "through a limited period of re-education or retraining following divorce, thereby creating incentive and opportunity for that spouse to become self-supporting." *Francis*, 442 N.W.2d at 63.

■ An award of $46,000 in alimony under the circumstances of this short-term, three-year marriage is excessive. The amount of the district court's award does not correspond with the reasoning the court employed. We find the award must be modified to reflect the goals underlying an award of rehabilitative alimony.

Carolyn Kay maintains that "Certainly she made a sacrifice to come to Iowa to be a 'farm wife.'" She claims that in marrying Douglas she left behind a good job in Dallas, Texas, paying over $36,000 per year with regular salary increases, retirement benefits, profit sharing, health insurance, new car, vacations, desired clothing, and other investments including an $80,000 condominium. She claims her life as a "farm wife" included such drudgery as slopping and sorting hogs, walking beans, selling grain, feeding the hired help, and various other chores. She is clearly arguing that her standard of living before the marriage was higher than that during the marriage. Yet, Carolyn Kay claims that she needs more than $46,000 in rehabilitative alimony to make her self-supporting at the standard of living she experienced during the three-year marriage.

■ Carolyn Kay's standard of living before the marriage is irrelevant. Nowhere does the Code direct the court to restore an ex-spouse to his or her *premarital* standard of living. Rather, Iowa Code section 598.21(3)(f) directs the court to consider, among other factors, "[t]he feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed *during the marriage....*" (emphasis added).

Carolyn Kay contends that her three-year absence from her employment has left her lacking in "the skills of computerized law offices with up to date features like fax machines...." She further claims to need at least $5,000 worth of training to restore these lost skills. We do not believe that it takes six to twelve months of paralegal training to learn to use a fax machine as Carolyn Kay claims. Neither do we believe that to be rehabilitated, Carolyn Kay must be restored to the position she left upon marriage. Even assuming this to be necessary, the trial court awarded her *$41,000 more than she testified she needed* to rehabilitate herself. However, an award

of alimony which allows Carolyn Kay to resume a position as a legal secretary would be appropriate for her rehabilitation. Because we find nothing in the record to contradict Carolyn Kay's stated need and cost of further training, we base the award of rehabilitative alimony on Carolyn Kay's testimony. We modify the district court's award of rehabilitative alimony to $1,500 per month for twelve (12) months.

■ We do not believe, nor apparently did the trial court, that Carolyn Kay is entitled to an award of reimbursement alimony. Reimbursement alimony is predicated on the goal of compensating one spouse for the economic sacrifices made during the marriage which directly enhanced the earning capacity of the other. *See Francis*, 442 N.W.2d at 64. Carolyn made no sacrifice leading to an increase in Douglas's earning capacity. She essentially argues that her move to Iowa from Texas to become a "farm wife" constitutes the requisite sacrifice. Yet she also asserts that she left Dallas and moved to Iowa to "build a dream." This court is not in a position to evaluate the relative merits of the lifestyles offered by different states and vocations. Neither are we inclined to order an ex-spouse compensated because his or her dreams have gone unfulfilled.

We believe, in light of the equitable property settlement, this alimony award is equitable. Carolyn Kay's contributions to the marriage have been adequately compensated for by the division of the marital assets.

III. *Property Division.* The partners in the marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

■ We find the trial court's property distribution to be equitable. The court di-

vided the value of the increase in Douglas's net worth during the three-year marriage. The court found the value of that increase to be $18,000 and awarded each party $9,100 or half of the amount. The court also awarded Carolyn Kay $4,500 to correct for an inequitable distribution of personalty.

We find the district court's valuations were well within the permissible range of evidence. *In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973). We affirm the district court's division of the parties' property.

■ IV. *Trial Attorney Fees.* Douglas challenges the district court's order that he pay $2,500 toward Carolyn Kay's trial attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App. 1982). We find the district court's award to be fair and reasonable. We affirm the award.

■ V. *Appellate Attorney Fees.* Carolyn Kay requests an award of attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Taking these considerations into account, we order that each party will be responsible for his or her own appellate attorney fees.

The costs of this appeal are taxed equally between the parties.

For all the reasons stated, the district court's judgment is affirmed as modified.

AFFIRMED AS MODIFIED.

OXBERGER, C.J., concurs;

SACKETT, J., concurs and dissents.

SACKETT, Judge (concurring in part and dissenting in part).

I concur in part and dissent in part. I would affirm the trial court in all respects.