In re the MARRIAGE OF Linda
Jo HORNUNG and David
Ralph Hornung

Upon the Petition of Linda Jo Hornung,
Appellee/Cross–Appellant,

And Concerning David Ralph
Hornung, Appellant.

No. 91–0264.

Court of Appeals of Iowa.

Dec. 13, 1991.

Thomas J. Cahill, Cahill Law Offices, Nevada, for appellant.

Kirk E. Goettsch, Forristal & Goettsch, Holstein, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

David and Linda Hornung were married on June 24, 1963. The court dissolved their marriage on November 20, 1990, but enlarged and amended its decree on January 31, 1991. They have three grown daughters and a fourteen-year-old son, Benjamin, over whom the parties dispute custody. Linda is a high school graduate; David has his G.E.D. Linda began working outside the home in 1980 and has been steadily employed by the Department of Agriculture in Ames, Iowa. David has been a truck driver for Roadway Express.

The first hearing in this bifurcated trial was on May 23, 1990, and was conducted by Judge Paul E. Hellwege. The parties presented evidence on their property settlement, liability for debts, and the matter of alimony. The court continued the hearing concerning custody of Benjamin pending a custody evaluation. The second hearing began on October 25, 1990, and was also heard by Judge Hellwege.

At the time of the hearings, Linda lived in a mobile home court in Ames. David lived with his girlfriend in a town house. During the pendency of these proceedings, Benjamin had lived with both his mother and his father, changing his residence following various disagreements. Even though the custody evaluator recommended placement of Benjamin with David, the court placed his physical care with Linda.

The court also found that Linda's income exceeded $1000 per month while the net monthly income of respondent was $2300 per month. Because the visitation schedule provided David with custody of Benjamin for approximately twenty-two percent of the time, the court deviated from the child support guidelines, and set child support at $300 per month.

For all practical purposes the parties had few assets and many debts at the time of their dissolution. The court made a division of these items from which the parties do not appeal. Both, however, had pensions from their respective employers. The court awarded to each party a fifty-percent share of the other's pension based on the following formula:

The numerator of the fraction being 25, the years of marriage, and the denominator of the fraction being the total number of years during which benefits were accumulated prior to being paid.

Linda filed a posttrial motion. Because Judge Hellwege retired as a senior district court judge in 1990, Linda's motion to amend and enlarge the decree was submitted to Judge Carl D. Baker. The court granted the motion and modified the pension division formula such that when Linda begins to receive her pension, she must pay twenty-five percent of it to David. In addition, the court ordered David to pay $1000 for Linda's attorney fees. David appeals; Linda cross-appeals.

David contends he should have been awarded custody of Benjamin. In addition, he argues the trial court failed to take into

account the proper formula for determining the division of the parties' respective pension benefits. He feels the court erred by awarding attorney fees to Linda.

On cross-appeal Linda argues the trial court erred in departing from the child support guidelines without the required factual findings. She asserts that the award of attorney fees was inadequate at trial, and she asks for attorney fees on appeal. Finally, she points out that the formula used to calculate the pension benefits was incorrect because the marriage actually spanned twenty-seven years. She believes that the numerator of the fraction should reflect the years of the marriage during which benefits were accrued. David had accrued benefits for twenty-seven years; Linda for ten.

■ Our review is de novo. Iowa R.App.P. 4. We examine the entire record and adjudicate anew the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I.

■ We address first the issue of custody. The best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983), and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985).

David contends the trial court set out the legal requirements above and did not correlate the fact findings with the law. The trial court noted:

> There are a number of things that concern the Court with respect to placing the child with the Respondent. One of those concerns is that the Respondent is living with a younger woman and indicated no intention of legitimizing [sic] the relationship. In addition, he freely admitted to the investigator that he spends approximately $5.00 a day on lottery [sic] yet resists the Petitioner's request for alimony. For reasons not totally clear on the record the Respondent either discouraged or prohibited Ben from seeing one of his sisters and her husband.

David also argues the fact he is living with a younger woman should not be a significant factor in determining custody and the amount of money spent on lottery tickets has nothing to do with his ability to parent. In addition, he feels the trial court's custody determination should be reversed because the court rejected the recommendation of the evaluator. He states that the findings of fact do not relate to the determination of either the best interest of the child or the ability of either party to be the physical custodian.

■ We determine the trial court considered the evidence and related it to the law above. *See In re Marriage of Behn*, 385 N.W.2d 540, 541 (Iowa 1986); *In re Marriage of Junkins*, 240 N.W.2d 667, 668 (Iowa 1976). The trial court was concerned with David's reluctance to pay alimony despite his lottery expenditures. The evidence of David's violent behavior also weighs against him. We agree with the trial court determination that it is in the best interest of Benjamin for Linda to have his physical custody. We defer to the trial court's assessment of the appointed investigating agent. *See* Iowa R.App.P. 14(f)(7).

■ We make clear here that we do not put emphasis on David's relationship with a woman in determining custody. While a parent's "moral misconduct" is a serious consideration in custody determinations, *Hagen v. Hagen*, 226 N.W.2d 13, 16 (Iowa

1975), we do not consider this factor alone. *In re Marriage of Zabecki,* 389 N.W.2d 396, 398 (Iowa 1986) (citations omitted).

## II.

■ Linda cross-appeals, claiming the trial court erred in departing from the child support guidelines. The court determined:

That the net monthly income of the Petitioner exceeds $1000 per month and the net monthly income of the Respondent is approximately $2300 per month; that visitation provided Respondent is approximately 22% of the total time computed on an annual basis. Resultantly, the child support is adjusted accordingly and is fixed in the sum of $300 per month.

Linda argues the trial court varied from the child support guidelines without making specific factual findings. The court also noted it "varied from the guidelines slightly in order to enable the Respondent to clarify his debt picture taking into consideration the amount of alimony awarded the Petitioner and the amount of visitation given Respondent."

The child support guidelines state:

The court shall not vary from the amount of child support which would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate as determined under the following criteria:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39.

*See* Iowa Code § 598.21(4)(a) (1991). We believe the court's statements shown above[1] do not constitute such a written finding. There is no specific finding that substantial injustice would result to David. In addition, we find no reason from the record to deviate from the guidelines. There is a rebuttable presumption that the guideline amount is the correct amount to be award-

ed. *Id.; In re Marriage of Bergfeld,* 465 N.W.2d 865, 869, 871 (Iowa 1991).

The trial court applied the guidelines which became effective October 12, 1989. Amended child support guidelines were adopted in Iowa effective December 31, 1990.

The 1990 guidelines enlarged the list of specifically enumerated items that were deductible from gross monthly income in arriving at net monthly income. They also revised the chart percentages and increased the number of charts to include one, two, three, four, and five or more children.

*In re Marriage of Powell,* 472 N.W.2d 250, 252 (Iowa 1991).

We apply the current 1990 child support guidelines for our de novo review. *See Powell,* 472 N.W.2d at 252 (citing *In re Marriage of Lalone,* 469 N.W.2d 695 (Iowa 1991); *In re Marriage of Ladely,* 469 N.W.2d 663 (Iowa 1991); *In re Marriage of Bergfeld,* 465 N.W.2d 865 (Iowa 1991)). After review of the parties' financial statements, we determine the 1990 change in method for determining net monthly income does not affect these parties. The percentage revision does, however, change the support obligation.

■ Furthermore, we find it inappropriate to reduce the support amount by twenty-two percent. We are to order child support for a twelve-month year since the custodial parent's expenses "are only slightly reduced during the child's absence." *In re Marriage of Oakes,* 462 N.W.2d 730, 733–34 (Iowa App.1990).

The trial court determined Linda's net monthly income exceeds $1000 per month, and David's is approximately $2300 per month. David argues his net monthly income is $2286, and Linda's is over $1300. We accept the trial court's determination of net monthly income, but note that whether we use the court's amounts or David's, the percentage from the guideline chart is the same. The 1990 guidelines show that David must pay 22.5 percent of his net monthly income for child support. We do not adjust this amount in accordance with

visitation. Child support for Benjamin is fixed in the sum of $515 per month.

## III.

◼ We next address the treatment of the retirement plans. Pension benefits are treated as marital property in Iowa and are properly subject to equitable distribution. *In re Marriage of Mott,* 444 N.W.2d 507, 510–11 (Iowa App.1989). David claims the trial court erred in changing the financial terms of the decree on Linda's motion for amended and enlarged findings. He is concerned that the judge who heard all the evidence and made the rulings was not the same judge to enter the ruling on the post-trial motion. We do not share such a concern. Judge Baker conducted a proper nonevidentiary hearing with Linda, David, and their counsel.

Judge Baker amended the original decree to state: "[t]hat when and if the petitioner begins to receive her pension from the Civil Service Retirement System or leaves employment prior to retirement, she shall periodically pay to the respondent an amount equal to twenty-five percent (25%) of her Civil Service Retirement benefits." David was still required to pay fifty percent of a fraction with the numerator being 25 and the denominator being the total number of years during which benefits were accumulated prior to being paid.

David contends the smallest denominator of the fraction used to determine Linda's obligation should be 20 and not 10. Linda gets no benefits until she reaches age sixty. He also argues that the two pension plans are not equal and that Linda's federal pension is worth substantially more than David's teamster pension plan. Linda argues that under Judge Hellwege's distribution she would be forced to pay David 125 percent of her total benefits if she retired this year (50% × ($^{25}/_{10}$)). Linda believes Judge Baker properly amended the formula. She states she is not eligible for social security benefits upon retirement because of the terms of her retirement plan and that "[a]ccordingly, Judge Baker found that David's share of Linda's retirement benefits should be reduced." She also notes that the parties have been married for twenty-seven years and not twenty-five.

◼ We determine the proper fraction has as a numerator the number of years during the marriage in which the party contributed to the pension, and the denominator is the total number of years worked to become eligible for pension benefits. If, for example, David contributes for eighteen more years, his total contribution will be 45 (18 + 27). He contributed during the marriage for twenty-seven years. We then divide 27 by 45 to get .6 (or sixty percent). Linda will be entitled to one half of sixty percent of David's pension, or thirty percent. If Linda contributes for twenty more years, she will have contributed for thirty total years. She contributed for ten years during the marriage. David would be entitled to one half of 33⅓ percent ($^{10}/_{30}$) of her pension, or 16.66%. We modify the trial court and distribute the pension based on the formula above.

## IV.

David argues he should not have to pay Linda's trial attorney fees. Linda requested $2000 in her posttrial motion, and the court awarded $1000. David claims Judge Baker did not have enough financial evidence before him to make a ruling without knowing what Judge Hellwege considered at the time of the original decree. Linda contends Judge Baker should be afforded the same discretion as any other trial court.

◼ Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App. 1982). The trial court was bound by the facts contained in the record and file. We believe Judge Baker confined his consideration of Linda's motion to the record and

ruled accordingly. We affirm the award of trial attorney fees.

Linda also requests attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). We conclude the parties should pay their own attorney fees. The costs of this appeal are assessed to David.

AFFIRMED AS MODIFIED.