In re the MARRIAGE OF Jerry Lee
DAVIS and Jo Anne Davis

Upon the Petition of Jerry Lee
Davis, Appellee,

And Concerning Jo Anne
Davis, Appellant.

No. 89–1158.

Court of Appeals of Iowa.

Sept. 26, 1990.

Marvin V. Colton of the Colton Law Office, Albia, for appellant.

William R. Dew of Griffin, Dew & Knight, Ottumwa, for appellee.

DONIELSON, Judge.

Jerry and Jo Anne Davis were married on September 7, 1952. The parties separated in 1975. At the time of the separation, four children had been born of the marriage, three of whom were still at home. Jerry and Jo Anne were purchasing a home on an installment contract. Jerry had made the payments on the home for twelve years and eight months. After the separation, Jerry continued to make some payments, but Jo Anne paid off the remainder.

Until the time of trial in 1989, Jo Anne had paid for most of the capital contributions to the home, with Jerry making minor repairs and installing various items.

At the time of filing, one of the Davis children, Patty Jo, was 34 years of age. Patty Jo continues to reside with Jo Anne. Patty Jo is mildly retarded and requires supervision. She currently receives $368 monthly SSI income which is paid to Jo Anne. Patty Jo works at Tenco Enterprises, a sheltered workshop, where she receives nominal pay (about $5 per week).

Jerry filed the present action on November 18, 1988. Jo Anne applied for, and the district court ordered, temporary child support in the amount of $60 per week. The matter came for trial on May 17, 1989. At the time of trial Jerry was 56 and employed by the city of Ottumwa as a carpenter doing building maintenance. However, he had been on sick leave since July 1988, due to a torn rotator cuff in his shoulder. Jerry has also had two heart attacks and is diabetic. He had a net monthly income of $1,266. Jo Anne was 55 and employed part-time as a clerk at Sears. She received a net monthly income of $421.

Trial was held and on July 6, 1989, the trial court entered its decree. The dissolution decree awarded Jo Anne neither child support nor alimony. The trial court concluded Jerry had no legally enforceable responsibility to support Patty Jo after she turned 18. The dissolution decree awarded Jerry $6,925 equity in the marital home.

Jo Anne has appealed. She contends Patty Jo will require supervision for the rest of her life and, therefore, Iowa Code section 598.1(2) mandates that Jerry pay child support for Patty Jo. Jo Anne next argues she should be granted continued use of the family home to provide for Patty Jo, unfettered by a judgment accruing interest. Lastly, she contends the trial court erred in failing to grant her a portion of Jerry's IPERS pension.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305

N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

■ I. PENSION. Jo Anne claims the trial court erred in failing to award her any interest in Jerry's IPERS pension plan. The dissolution decree did not address the pension plan and Jo Anne did not seek an enlargement of findings. Furthermore, the record is completely silent as to the value of any pension benefits. The failure to present the trial court with this claimed error precludes Jo Anne from first raising the issue on appeal. *In re Marriage of Tucker*, 213 N.W.2d 498, 500 (Iowa 1973).

■ II. CHILD SUPPORT. It is well established that parents have a legal obligation to support their children. *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976). Furthermore, this obligation does not necessarily end upon the child reaching the age of majority. In *In re Marriage of Vrban*, 293 N.W.2d 198 (Iowa 1980), our supreme court stated, "There is no statutory requirement that married parents support their adult children *except when the child suffers from some disability of mind or body and is 'unable to care for itself upon attaining majority.' " Id.* at 201 (citing *Davis v. Davis*, 246 Iowa 262, 266, 67 N.W.2d 566, 568 (1954)). Here, Patty Jo is mildly retarded and it is undisputed that she cannot live alone. Under these circumstances, Jerry and Jo Anne have a continuing obligation to support their adult child. The fact that Patty Jo is eligible for SSI payments does not change this obligation.

■ Iowa Code section 598.21(4) (1989) reads in part:
> Upon every judgment of annulment, dissolution or separate maintenance, the court may order either parent or both parents to pay an amount reasonable and necessary for support of a child.

Section 598.1(2) defines the support obligation and includes support of "a child *of any age who is dependent on the parties to the dissolution proceedings because of*

physical or *mental disability.*" *Id.* (emphasis added). The district court erred in concluding Jerry had no legally enforceable responsibility to support Patty Jo.

 We must next determine what award of child support is appropriate because we conclude the child support guidelines promulgated by our supreme court were not intended to and do not apply to cases involving adult-dependent children under section 598.1(2). Therefore, we must determine what award of child support is "reasonable and necessary for support" of Patty Jo. *See* § 598.21(4). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein,* 359 N.W.2d 500, 504 (Iowa App.1984). In calculating Jo Anne's ability to contribute, we find it equitable to allocate Patty Jo's monthly SSI payment of $368 to Jo Anne. Under the circumstances of the parties here, we order Jerry to pay $240 per month for the support of his adult-dependent child. This obligation will continue for so long as Patty Jo remains in the care of her mother.

III. FAMILY HOME. The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Estlund,* 344 N.W.2d 276, 280 (Iowa App.1983).

The trial court awarded Jo Anne the family home, noting its present value was due in large part to Jo Anne's maintenance and financial contributions from funds she earned and inherited. However, the district court awarded Jerry equity in the home equal to one-half the fair market value of the property in 1975, the year the parties separated. The district court awarded Jerry a judgment in the amount at $6,930 which was to bear interest until paid.

We do not disturb the judgment of the trial court but we modify it, in that no interest shall accrue until such time as Patty Jo no longer resides in the family home or Jo Anne chooses to sell the house, whichever occurs first. Jo Anne wishes to care for Patty Jo. By disallowing the accrual of interest until such time as Patty Jo no longer resides there, we assure ourselves that she will not be involuntarily deprived of her family home and subjected to unnecessary disruption.

The costs of this action are to be divided between the parties.

AFFIRMED AS MODIFIED.