In re the **MARRIAGE OF Donna S. HANSEN and Gary R. Hansen.**

Upon the Petition of **Donna S. Hansen, Petitioner–Appellee/Cross–Appellant,**

and concerning **Gary R. Hansen, Respondent–Appellant/Cross–Appellee.**

No. 92–1484.

Court of Appeals of Iowa.

Jan. 25, 1994.

L. Don Snow of Mershen, Snow & Knock, Cedar Falls, for appellant/cross-appellee.

Jay Roberts and Eric W. Johnson of Beecher, Rathert, Roberts, Field, Fister, Walker & Morris, Waterloo, for appellee/cross-appellant.

Considered by SACKETT, P.J., HABHAB, J., and PETERSON, S.J.*

SACKETT, Presiding Judge.

Respondent-appellant/cross-appellee Gary S. Hansen appeals and petitioner-appellee/cross-appellant Donna S. Hansen cross-appeals from an order modifying their dissolution decree. Gary challenges the amounts he was ordered to pay Donna for child support and post high school education expenses. Donna contends Gary should be or-

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

dered to pay her alimony. We affirm in part and modify in part.

The parties have two children, a son, Graden, born October 7, 1973, and a daughter, Gretchen, born August 22, 1975. Graden currently is attending Hawkeye Institute of Technology. Gretchen is profoundly deaf, hyperactive, and has a congenital growth deficiency.

The parties original dissolution decree was appealed to this court. In *In re Marriage of Hansen*, 465 N.W.2d 906 (Iowa App.1990), we filed a decision on December 27, 1990, affirming a joint custody arrangement where Graden lived with Gary and Gretchen lived with Donna. We remanded to the trial court to apply the child support guidelines. *Id.* at 911. Our directions on remand were not followed. On January 8, 1991, Donna filed a petition for modification. On March 19, 1991, the trial court ruled on her petition making Donna the custodial parent of both children. The court found under the child support guidelines Gary should pay Donna $210 a week for two children. The court then increased the support to $250 a week because of Gretchen's disability. The support was payable commencing on March 22, 1991.

On September 12, 1991, Gary filed a petition seeking clarification of the length of time he was to pay support and modification of the support provision. On September 3, 1992, Donna filed what was treated as a cross-petition for modification where she sought (1) alimony, (2) to set aside the original decree for fraud, and (3) an increase in child support.

On September 11, 1992, the trial court ruled and granted Donna's request, in part, ordering Gary to pay Donna $250 per month for Graden and $800 per month for Gretchen and ordering Gary to pay Donna's attorney fees without setting an amount.

■ Gary challenges the support requirements for both children. Graden is over eighteen and out of high school. He has a fund established by Gary and Donna during their marriage of $45,000. The fund was intended to be used for Graden's educational expenses. Gary contends because the educational fund is available, Gary should not be required to pay support for Graden. Gary contends it is not equitable to order him to do so and a ruling on this issue favorable to him was made in our opinion in the prior appeal. We agree with Gary's argument that the facts of this case do not support his being required to pay support for the child, Graden. The trust fund currently is sufficient to meet Graden's educational needs. In determining support for post high school education, we consider the student's trust funds in assessing his or her need for support. *See In re Marriage of Lieberman,* 426 N.W.2d 683, 685–86 (Iowa App.1988). We modify to strike the provision Gary pay Donna $250 per month for Graden's education.

■ Gary makes the same arguments for not paying child support for Gretchen past her eighteenth birthday. When the order on appeal was entered, Gretchen was not eighteen. Donna contends she should have support for Gretchen as long as Gretchen lives with her because Gretchen is disabled. Gary also contends the trial court, without justification or articulated reasons, departed from the guidelines in fixing support for Gretchen.

Gary, while arguing the support fixed for Gretchen is in excess of the guideline amount, failed to show in his brief how he contends the child support should have been computed. Gary has not provided the income figures to be used in applying the child support guidelines or shown us where in the record the income information appears. It is not this court's responsibility to search the record for proper figures to use in applying the child support guidelines. We will not do so. We, therefore, affirm the trial court's finding Gary should pay $800 per month child support for Gretchen until she reaches the age of eighteen, graduates from high school, or marries, whichever occurs sooner.

■ The second question is should support for Gretchen continue beyond this time. Iowa Code section 598.1(2) defines support obligation and includes support for "a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability." Consequently, a support obligation for Gretchen because of her disability can continue beyond her eighteenth birthday even if she is not a full-time

student. But the child support guidelines promulgated by the supreme court do not apply in fixing support in cases involving adult-dependent children. *See In re Marriage of Davis*, 462 N.W.2d 703, 705 (Iowa App.1990).

The support obligation for Gretchen beyond her eighteenth birthday is based on her need for assistance and her parents' ability to contribute to this need. Not all children with disabilities necessarily qualify for support beyond their eighteenth birthday. In assessing Gretchen's need for support, we look at her ability to be gainfully employed as well as her receipt of benefits from other sources. *See Davis*, 462 N.W.2d at 705. There is no evidence Gretchen is not employable. She has worked at a part-time job. Gretchen, like Graden, has a $45,000 trust fund established by her parents during marriage for educational purposes.

There are not sufficient facts in the record to assess Gretchen's need for support beyond high school graduation. We disagree with Gary that his responsibility for support for Gretchen beyond high school was resolved in our earlier decision. The issue of extending support for Gretchen after the $800 per month payments expire can be addressed in a future modification.

■ Donna has cross-appealed contending she should be awarded alimony. Gary discharged in bankruptcy a portion of what was found by the bankruptcy court to be a property settlement. Donna contends we should find the property settlement was alimony and modify it to award her alimony. In our decision we specifically found alimony was not warranted. Our decision is crystal clear on this issue. Furthermore, the issue was presented to the bankruptcy court who also found it to be a property settlement. Don-

na's cross-appeal on this issue is totally without merit. *See In re Marriage of Schradle*, 462 N.W.2d 705, 709 (Iowa App.1990).

■ The trial court ordered Gary to pay Donna's attorney fees. Gary contends he should not have been ordered to pay Donna's attorney fees. He also asks if we affirm the trial court's order, the amount of his responsibility for Donna's attorney fees be fixed. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982).

We do not find the trial court abused its discretion in ordering Gary pay Donna's attorney fees. We do agree with Gary that the trial court abused its discretion in failing to fix a specific amount Gary should pay. We, therefore, modify to provide Gary pay $500 toward Donna's attorney fees at the trial court level.

Gary and Donna shall pay their own attorney fees on appeal and costs on appeal are taxed one-half to each.

**AFFIRMED IN PART; MODIFIED IN PART.**