# IN THE COURT OF APPEALS OF IOWA

No. 15-2086
Filed October 12, 2016

STEVIE NOWELL,
      Petitioner-Appellee,

vs.

BILLIE NOWELL,
      Respondent-Appellant.

_____

Appeal from the Iowa District Court for Washington County, Joel D. Yates,

Judge.

A husband appeals the granting of a permanent protection order for

domestic abuse. **REVERSED AND REMANDED.**

Constance Peschang Stannard of Johnston, Stannard, Klesner, Burbidge

& Fitzgerald P.L.C., of Iowa City, for appellant.

Elizabeth A. Norris of Iowa Legal Aid, Iowa City, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Billie Nowell appeals from a final domestic abuse protection order issued pursuant to Iowa Code chapter 236 (2015). Billie's wife, Stevie, sought the protective order after an alleged incident of domestic abuse. At the time Stevie sought the protective order, the parties were dissolving their marriage. The record does not reflect whether the decree of dissolution has been entered.

We first address the standard of review. As a general rule, proceedings pursuant to chapter 236 are in equity and our review is de novo. *See* Iowa R. App. P. 6.907; *Huntley v. Bacon*, No. 16-0044, 2016 WL 3271874, at *1 (Iowa Ct. App. June 15, 2016) ("We review a civil domestic abuse proceeding tried in equity de novo."). Stevie contends this particular proceeding was heard at law and our review should be for the correction of legal error. During the hearing on the protective order, the district court did rule on several objections and excluded some evidence that was clearly lacking in foundation or that was otherwise wholly irrelevant to the proceedings. "[M]inimal objections made during the hearing d[o] not change the equitable nature of the proceedings." *Ewoldt v. Diffenderfer*, No. 15-1208, 2016 WL 3002760, at *2 n.2 (Iowa Ct. App. May 25, 2016); *see Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 (Iowa 2006) ("Although the district court ruled on some evidentiary objections in the course of trial, the objections were minor and did not have a significant effect on the proceedings."). We thus conclude our review is do novo. "We examine both the law and the facts, and we adjudicate anew those issues properly preserved and presented for appellate review." *Huntley*, 2016 WL 32718474, at *1. The court must satisfy itself "the petitioning party has come forth with the quantum and

quality of evidence sufficient to prove the statutory grounds for issuing a protective order." *Id.*

Chapter 236 is to be liberally construed to effect its important protective purposes. *See Krischke v. Iowa Dist. Ct.*, No. 03-0569, 2004 WL 1393956, at *2 (Iowa Ct. App. June 23, 2004). However, the code does provide the respondent with substantive and procedural protections. First, it is the petitioner's burden to prove the statutory grounds for relief. *See* Iowa Code §§ 236.4(1), .5. Second, chapter 236 places an affirmative duty on the district court to "advise the defendant of a right to be represented by counsel of the defendant's choosing and to have a continuance to secure counsel." Iowa Code § 236.4(7); *see Barra v. Everett*, No. 16-0006, 2016 WL 4544040, at *1 (Iowa Ct. App. Aug. 31, 2016). In this case, Billie was not provided with the statutory advisories or relief. The temporary protective order advised, "Each party has the right to be represented by an attorney at this hearing." The form did not advise Billie of his right to a continuance to seek counsel. *See Barra*, 2016 WL 4544040, at *1. During the hearing on the final order, Billie told the court he did not understand the rules of the proceeding because he was not represented by counsel. Billie requested a continuance so he could be better prepared. The court denied this request. At no point before or during the hearing did the district court advise Billie of his right to continue the final hearing to obtain counsel. The district court's failure to advise Billie of his statutory right to a continuance to obtain counsel and the district court's subsequent denial of Billie's request for a continuance is prejudicial error. *See id.* (finding the district court's failure to advise the defendant of his right to a continuance was reversible error).

Even though we have found a statutory violation prejudicial to Billie, the record is sufficient for us to address the merits. Stevie testified Billie committed several acts of domestic abuse assault. Billie made a blanket denial of abusive conduct. His denial was supported by his Exhibit 1, which was a collection of emails from Stevie and affidavits from persons who knew the family. The district court admitted the exhibit, but it does not appear the district court reviewed the exhibit prior to ruling from the bench. The emails show Stevie made false statements during the hearing when she testified she had not been in contact with Billie since the temporary protective order was issued; the sent dates of the emails say otherwise. The emails undermine her claims. *See State v. Goddard*, No. 14-1076, 2015 WL 3914327, at \*2 (Iowa Ct. App. June 24, 2015) ("An ounce of intrinsic merit or demerit in the evidence, that is to say, the value of the comparison of evidence with known facts, is worth pounds of demeanour." (citation omitted)). Another email Stevie sent to Billie after the temporary order was issued—with a threatening subject line—supports the inference Stevie was using legal proceedings to punish Billie for not paying enough physical attention to her and to prevent him from seeing their children rather than seeking protection actuated by fear for her safety. This undermines her allegations. *See Arens v Arens*, No. 13-1421, 2014 WL 465801, at \*4 (Iowa Ct. App. Feb. 5, 2014); *Cooper v. Cooper*, No. 03-0324, 2004 WL 61106, at \*2 (Iowa Ct. App. Jan. 14, 2004) (Zimmer, J. concurring) (writing specially to voice skepticism over the motives of the petitioner in seeking a protective order, stating it appeared more likely it had to do with the petitioner's "unhappiness with having to share the marital home" with the defendant during the dissolution of the marriage). Given

that the emails establish Stevie provided false testimony and undermine her claims, we conclude Stevie failed to satisfy her evidentiary burden. *See* Iowa Code § 236.4(1) (stating a plaintiff seeking a protective order "must prove the allegation of domestic abuse by a preponderance of the evidence"); Iowa Code § 236.5 (the district court may grant a protective order "[u]pon a finding that the defendant has engaged in domestic abuse"); *Wilker v. Wilker*, 630 N.W.2d 590, 596 (Iowa 2001).

We vacate the final domestic abuse protective order and remand this matter for dismissal of the final protective order. We deny Billie's request for appellate attorney's fees. The statute does not authorize a fee award to the respondent. *See* Iowa Code § 236.5(4) ("The court may order that the defendant pay the plaintiff's attorney fees and court costs."); *Holz v. Holz*, No. 15-0149, 2015 WL 8366167, at *1 (Iowa Ct. App. Dec. 9, 2015) ("Iowa Code chapter 236 does not authorize payment of fees by the plaintiff in a domestic abuse action.").

**REVERSED AND REMANDED.**
Vogel, P.J., concurs; Vaitheswaran, J., partially dissents.

**VAITHESWARAN, Judge. (concurring in part and dissenting in part)**

I concur in part and dissent in part. I concur in the majority's conclusion that Billie Nowell was not advised of his statutory right to a continuance to obtain counsel. I respectfully dissent from the majority's conclusion that "Stevie failed to satisfy her evidentiary burden" of proving domestic abuse assault. The district court determined "the events that took place on or about November 13, 2015, as set forth in the petition and as testified to, are an assault as defined by Iowa law." The determination included an implied credibility finding in favor of Stevie, to which we "give great weight." *In re Cooley*, No. 10-1078, 2011 WL 3480974, at *1 (Iowa Ct. App. Aug. 10, 2011); *Higar v. Donovan*, No. 04-0836, 2005 WL 292264, at *1 (Iowa Ct. App. Feb. 9, 2005). This finding was supported by Stevie's testimony that Billie forced her to have sex with him on November 13, 2015, after she "told him, no" and it was "not unlike him to force it." She also described a past incident in which Billie "shoved" her and she "hit the floor on [her] back." Before she could get up, he "got on top of [her] with his fist raised." While there is certainly evidence to impugn portions of her testimony, it was the district court's prerogative to assess her credibility and assign it the appropriate weight. *In re Marriage of Nelson*, 654 N.W.2d 551, 554 (Iowa 2002) ("[W]e place substantial reliance on the trial court's ability to observe [the witness], as well as the district court's implicit judgment with respect to the credibility of the witnesses who had differing views of [her] capabilities."); *Conklin v. Conklin*, 586 N.W.2d 703, 706 (Iowa 1998) ("Although our review is de novo, we rely on the trial court's assessment of the witnesses' credibility."); *In re Marriage of Vrban*, 359 N.W.2d

420, 423 (Iowa 1984) (relying heavily on trial court's findings of fact). *Accord State v. Lopez*, 633 N.W.2d 774, 786 (Iowa 2001) ("The court as fact finder could believe some of the testimony, all of the testimony, or none of it."). I would not remand for dismissal of the final protective order but for further proceedings, with the temporary protective order remaining in effect in the interim. *See Barra v. Everett*, No. 16-0006, 2016 WL 4544040, at *2 (Iowa Ct. App. Aug. 31, 2016).